# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA

### M E M O R A N D U M

**FROM: Bankruptcy Clerks Office for the Middle District of North Carolina**

**RE: General Chapter 11 Procedures          Case No. 14-81035**

**TO: Attorney for Debtor in Possession**

**Re: Woodlake Partners, LLC**

Attached is a memorandum to you, the attorney for the debtor in possession, regarding general procedures for Chapter 11 cases filed in the Bankruptcy Court for the Middle District of North Carolina.

1. Dates:

Below is a quick summary of some of the important deadlines and dates mentioned in the attached memorandum and related materials.

- **Application to Employ** - Within 5 days of the filing of the petition.
- **Initial Application for Compensation** - Any time after the creditors meeting.
- **Designation of Depository** - Within 5 days of the filing of the petition.
- **Monthly Reports** - By the 21st day of the following month *(with a paper copy for the Bankruptcy Administrator)*.
- **Status Reports** - Filed with a motion to extend time to file a plan.
- **Final Report** - Within 10 days from the finalization of all matters in a case.
- **Plan of Reorganization and Disclosure Statement** - Within 120 days of the filing of the petition, unless the debtor is a small business debtor, in which case the plan and disclosure statement must be filed within 180 days of the filing of the petition.
- **Summary of Voting on Plan** - At least 3 business days prior to the Plan Confirmation Hearing.

Please refer to the attached materials for a further description of the above deadlines and a further discussion on general Chapter 11 Procedures.

1

2.  General Procedures

**Employment of Attorney for Debtor-In-Possession and Other Professionals.** If it is your intention to represent the Debtor-In-Possession during the pendency of this case, you should file an appropriate application, affidavit and proposed order with the Court (*see Exhibit "A"*) within five (5) days from the date the petition was filed. Typically, the Clerk's Office will notice the application on a tentative hearing basis. Upon the deadline for responses, you will need to file a proposed order approving your appointment, provided there are no objections to the application. In addition, if the debtor wants to employ any other professionals (accountants, auctioneers, realtors, special counsel, etc.), you should file an appropriate application, affidavit of the professional being employed and proposed order with the Court prior to employing each professional and before the professional commences work. Please review Rule 6003; final approval of the retention of professionals will not occur until more than 20 days after the filing of the case.

**Depository.** If not done at the time the petition is filed, within five (5) days thereafter you should advise the Clerk's Office Case Manager and the office of the Bankruptcy Administrator which bank is to be used as the official depository in this case. Account(s) for the estate should be opened immediately in the name of the debtor as Debtor-In-Possession (e.g., "XYZ" Corp., Debtor-In-Possession"). A bank depository memo for this purpose is enclosed or will be mailed to you once you advise this office of the preferred depository. *(See Exhibit "B"). Please be sure that the bank you select is able to comply with the requirements of an depository under 11 U.S.C. § 345 and the memo enclosed.*

**Withholding Taxes.** The debtor is required to segregate and hold separate and apart from all other funds, all monies withheld from employees or collected from others for taxes under the laws of the United States, or any state or subdivision thereof, and to deposit the money so withheld or collected in a separate bank account simultaneously with such collecting or withholding, and the debtor is authorized to pay and must pay from said account to the appropriate authorities the appropriate amount at the times and in the manner prescribed by law. Similarly, if the debtor withholds insurance premiums from employees, the debtor is authorized to pay, and must pay, those sums to the appropriate insurer.

**Debtor's Books.** The debtor should close his old books of account as of the close of business on the day of the filing of the petition for Chapter 11, and open new books of account as of the opening of business on the next day, in which books of account he shall cause to be kept a proper record of his earnings, expenses, receipts, disbursements, and all obligations incurred and transactions had in the operation of the business and in the management, preservation and protection of the property, including vouchers for all payments made on account of such disbursements.

2

**Automatic Stay.** There is an automatic restraining order in effect as of the time of the filing of the petition for Chapter 11. This is pursuant to Section 362 of the Code. Refer to that section for a description of actions that are stayed and actions that are not stayed. Note that Section 362(n) of the Code provides that the automatic stay may not apply to a case in which the debtor (A) is a debtor in a small business case pending at the time the petition is filed; (B) was a debtor in a small business case that was dismissed for any reason by an order that became final in the 2-year period ending on the date of the order for relief entered with respect to the petition; (C) was a debtor in a small business case in which a plan was confirmed in the 2-year period ending on the date of the order for relief entered with respect to the petition; or (D) is an entity that has acquired substantially all of the assets or business of a small business debtor described in subparagraph (A), (B), or (C), unless such entity establishes by a preponderance of the evidence that such entity acquired substantially all of the assets or business of such small business debtor in good faith and not for the purpose of evading Section 362(n) of the Code.

**Disputed, Contingent, and Unliquidated Claims**. The debtor is required to notify each creditor whose claim is listed on the petition as disputed, contingent, or unliquidated of that fact within fourteen (14) days after the filing of schedules or addition of the creditor to the schedules. A certificate of service shall be filed with the Court within 3 days after service of the notification. Failure to notify a creditor listed as disputed, contingent or unliquidated shall result in a creditor's claim being deemed filed as though a proof of claim has been filed by the creditor. (*See Exhibit "I"*).

**Payments by Debtor-In-Possession.** There are certain kinds of debts and expenses that the debtor needs to pay and should pay without any order from the Court. Unless otherwise ordered by the Court, the debtor, in his discretion, is authorized to pay from time to time out of any and all funds now or hereafter coming into his hands and available for such purposes, the following:

(a)     all taxes and similar charges lawfully incurred in the operation of the business and in preservation and maintenance of the property and assets of the debtor since the filing of the petition for Chapter 11;

(b)     all proper expenses and obligations incurred by him since the filing of the petition in operating the business and preserving and maintaining the property and assets of the estate, including the reasonable wages, salaries and compensation of all managers, agents and employees of the business;

(c)     the costs of maintaining the corporate existence of said debtor, including the necessary expenses for the preservation of records;

(d)     the expenses of printing (or otherwise duplicating and mailing) and of publishing, if necessary, any notices to creditors, stockholders, and all other parties-in-interest

3

as may be directed by the Court, and of the printing, if necessary, of the pleadings, motions, petitions, and orders now on file or hereafter filed in this case; and

(e)     the secured debts are authorized to be paid without special order from the Court, assuming there are sufficient funds available for this purpose.  These would include but are not limited to regular payments on equipment leases and motor vehicles.

**Compensation of Attorney for Debtor-In-Possession.** After the creditors meeting has been held in the case, the attorney for the debtor may want to file an application with the Court for an interim fee allowance for services rendered to the estate and ask to establish a procedure for interim compensation for future services at a certain rate per hour.  Fee Applications must conform to the attached guidelines. Whether interim fees can be set up for future services will depend upon several factors:(1) the debtor would have to have sufficient income coming into the estate to justify such a request; (2) the size of the estate; (3) the amount of time the attorney is spending with the case; and (4) the anticipated duration of the case under Chapter 11. (*See Exhibit "D"*)

**Monthly Reports.** By the 21st of each month, the debtor is to file with the Bankruptcy Clerks Office a monthly report for the preceding month, and serve a paper copy on the Bankruptcy Administrator's Office. For example, on March 21st, a report is due for the month of February.  The format of this report is to conform to *Exhibit "E"* attached.

**Status Report.** A Status Report on Activities and Financial Condition of the Debtor in Possession is required to justify any motion by the debtor in possession to extend the time to file a plan and disclosure statement. Such status report should be filed with the Clerks Office at least 3 working days prior to any hearing upon the motion to extend time to allow sufficient time for review by appropriate court personnel prior to the hearing date. (*See Exhibit "F".*)

**Quarterly Fees.**  The Judicial Conference of the United States has authorized the assessment of quarterly fees in all chapter 11 cases filed on or after April 1, 2002. This assessment is made pursuant to 28 U.S.C. § 1930(a)(7). The quarterly fee will be calculated on a graduated scale based on the total sum of disbursements made during a quarter. The fee will increase as disbursements increase. If no disbursements are made in a quarter, the minimum quarterly fee is required to be paid. (*See enclosed  Exhibit "C"*)

**Plan of Reorganization.   January 17, 2015   ** is the end of the exclusivity period for filing of a plan by the debtor in this case, **unless** the debtor is a small business debtor as defined in Section 101(51D) of the Code, in which instance the plan is due within 180 days of the Order for Relief.  See Section 1123 of the Code regarding the contents of a Plan. The operating  order entered by the Bankruptcy Judge directing that the Plan be

4

filed is enclosed herewith or will be served upon you in the near future. An official form for a Plan of Reorganization in a Small Business case is available on the Court's web site at www.ncmb.uscourts.gov. *NOTE: The time for filing a plan specified in this memorandum does not extend or otherwise modify the plan filing time specified under 11U.S.C. § 362(d)(3), which regards a motion for relief from stay of an act against single asset real estate.*

**Disclosure Statement.** **January 17, 2015** is the end of the exclusivity period in this case, unless the debtor is a small business debtor as defined in Section 101 (51(D) of the Code, in which instance the plan shall be filed within 180 days of the Order for Relief. The normal procedure is for the disclosure statement to be filed with the plan. The disclosure statement must contain adequate information as defined by Section 1125(a)(1) of the Code. This section sets forth that information must be given which would enable a hypothetical, reasonable investor to make an informed judgment about the plan. Information should include, but not be limited to, the following: (1) the present financial status of the debtor, (2) the proposed means of operation, if the debtor is a business, (3) a financial projection, and (4) a summary or schedule of proposed payments to the creditors. If the debtor is a small business debtor, the debtor may submit a plan that is itself intended to provide adequate information without the necessity of submitting a separate disclosure statement. In this event, the plan must be so designated and Rule 3017.1 shall apply as if the plan is a disclosure statement. A small business debtor may also seek conditional approval of the disclosure statement as described in Section 1125(f) of the Code.

**Hearing on Disclosure Statement.** A hearing upon 28 days notice is to be held before the Bankruptcy Judge on the Disclosure Statement and any objections filed thereto after the filing of said Statement. The hearing is for the Court to determine if the Disclosure Statement contains adequate information to be sent to the creditors. If the Court conditionally approves the Disclosure Statement in a small business case, the Court will set a deadline for filing objections to the disclosure statement and will hold a hearing to consider final approval of the disclosure statement either before or in combination with the hearing on confirmation of the plan in the event that a timely objection is filed.

**Notice of Plan and Hearing on Confirmation.** After the Disclosure Statement is approved by the Court, the debtor's attorney or the trustee will mail to all creditors and equity holders a copy of the following:
1. Plan of Reorganization or summary of same
2. Disclosure Statement
3. Summary or Opinion of Court, if any, approving the Disclosure Statement
4. Notice of hearing on confirmation of the Plan
5. Notice of time to file acceptances and rejections
6. Ballot Form
7. Any other information that the Court may direct

5

**Acceptances.** Acceptances are not to be solicited until after the Disclosure Statement is approved (or conditionally approved, in the case of a small business debtor) by the Court. The Court sets the date for the filing of acceptances or rejections after the Disclosure Statement has been approved. Acceptances must be in writing, identify the Plan, and be signed by the creditor, If a creditor is partially secured and partially unsecured, the creditor may vote in both capacities. Information regarding the treatment of acceptances obtained by the debtor prior to the filing of the petition is contained in Section 1126 of the Code and Bankruptcy Rule 3018.

**Summary of Voting on the Plan of Reorganization.** The plan proponent is required to complete the Summary of the Voting on the Plan of Reorganization. (*See Exhibit "H"*) The form provides an easy to read summary of whether each class of creditors has accepted the plan pursuant to Section 1126 of the Code. The summary, which must be filed at least **3 business days** in advance of the plan confirmation hearing, should include for each class: the class description, the number of ballots accepting the plan, the number of ballots rejecting the plan, the dollar value of the ballots accepting the plan, the dollar value of the ballots rejecting the plan, whether the class has accepted the plan and whether the class is impaired.

**Final Report.** After completion of all matters in the case, the attorney for the debtor will be required to file a final report with the Court within ten (10) days from the finalization of all matters in the Chapter 11 case. Normally, all matters in a case are finalized when the Plan has been substantially consummated. The Final Report must be filed for a final decree to be entered by the Court, which closes the case. The final report must contain the information set forth in the enclosed information sheet on the Final Report. Please note the type of information required. *(See Exhibit "G")* NOTE: IN THE EVENT THIS CHAPTER 11 CASE CONVERTS TO A CHAPTER 7 CASE, IT IS MOST IMPORTANT THAT THE SCHEDULES OF UNPAID DEBTS INCURRED AFTER COMMENCEMENT OF THE CASE (WITH EACH CREDITOR'S NAME, ADDRESS AND AMOUNT DUE), AND A FINAL REPORT AND ACCOUNT BE FILED AS REQUIRED BY RULE 1019(5) OR BY THE SPECIFIC ORDER OF THE COURT. FAILURE TO COMPLY WITH THIS REQUIREMENT MAY SUBJECT THE PRINCIPALS OF THE DEBTOR AND THE ATTORNEY FOR THE DEBTOR TO SANCTIONS.

**Duties of Debtor in a Small Business Case.**
If the debtor is a small business debtor as defined in Section 101(51D) of the Code, Section 1116 of the Code imposes upon the debtor certain requirements, including attending any meetings scheduled by the court or the Bankruptcy Administrator; timely filing all schedules and statements; filing all post-petition financial and other reports required by the Federal Rules of Bankruptcy Procedure or by local rule; maintaining appropriate insurance coverage; timely filing all tax returns and paying all taxes entitled to administrative expense priority; and allowing the Bankruptcy Administrator or his

6

representative to inspect the debtor's business premises, books and records. The small business debtor should familiarize himself with the requirements of the Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules to ensure that his duties thereunder are being performed fully and in a timely manner.

If you have any questions concerning the content of this letter, please do not hesitate to contact the Clerks Office or the Office of the United States Bankruptcy Administrator.

Office of the Clerk

By  Christine P. Hamrick

Deputy Clerk

Enclosures

7

EXHIBIT "A"

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

**IN THE MATTER OF:**                                    )
                                                        )          **Case No.**
                                                        )          **Chapter 11**
                                                        )
                        **Debtor(s) )**
                        **APPLICATION TO EMPLOY ATTORNEY(S)**

TO:   The Honorable
      United States Bankruptcy Judge

Your applicant,                    (Debtor/Trustee) in the
above-named Chapter 11 case, respectfully represents:
        (Recite here (a) the event of the Debtor's filing a Chapter 11 Petition, (b)
        the necessity of the (Debtor/Trustee) employing an attorney and the reasons
        therefor, (c)the name(s) and qualifications of the attorneys, and (d) that
        affidavit(s) of the attorney(s) the (Debtor/Trustee) desires to employ are
        attached hereto.)

WHEREFORE, your applicant prays that the Court enter an Order authorizing it to
employ                    as (his/her/its) attorney(s) on a general retainer to act as such in
advising and representing the (D.I.P./Trustee) in this case.


                                            (Name of Debtor/Trustee)

Date:                              By:
                                            (Name of Debtor/Trustee)
                                            (D.I.P./Trustee)

8

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

IN THE MATTER OF:                              )
                                              )  **Case No.**
                                              )  **Chapter 11**
                                              )
                      **Debtor(s)**

**AFFIDAVIT OF PROPOSED ATTORNEY**

STATE OF
COUNTY OF

(Name of Attorney) makes solemn oath:

1.      That he/she is and attorney duly admitted to practice in the State of North Carolina
        and in this Court; that he/she maintains an office for the practice of law at

2.      That he/she is not a creditor or stockholder for said Debtor.

3.      That he/she is not a director, officer, or employee of said Debtor; that he/she has
        no interest materially adverse to the interest of any of the creditors or stockholders
        of said debtor by reason of any other direct or indirect relationship to, connection
        with, or interest in said Debtor.

4.      That he/she has no connection with said Debtor, the creditors, or any other party in
        interest, or their respective attorneys, and that he/she represents no interest adverse
        to said Debtor, or the estate in which the matters upon which he/she is to be
        engaged.

Date:

                                              (Name of Affiant)

Subscribed and sworn before me
this        day of          , 20 .

NOTARY PUBLIC
My Commission Expires:

9

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

**IN THE MATTER OF:** )
                     )     **Case No.**
                     )     **Chapter 11**
                     )
                     )
      **Debtor(s)**

**ORDER APPOINTING ATTORNEY(S) FOR (D.I.P./TRUSTEE)**

Upon application of  (Name of Debtor/Trustee) for leave to employ counsel(s) and for sufficient reasons appearing, and no objections having been made to the Application, it is

ORDERED that said (Name of Debtor/Trustee) , (D.I.P./Trustee), retain and employ                    Attorney(s) at Law, as attorney(s) to advise and direct the (D.I.P./Trustee) in the performance of (his/her/its) duties as such and to assist the (D.I.P./Trustee) generally in procedure, investigation and other legal aspects in the administration of the estate which may arise therein with compensation being fixed and paid as allowed by the Court.

IT IS FURTHER ORDERED THAT this Order is effective as of the date of the filing of the Application.

Date:

                              (Name of Judge)
                              UNITED STATES BANKRUPTCY JUDGE

10

## M E M O R A N D U M

**TO:**       **Debtor In Possession**
**FROM:**    **Clerk, U. S. Bankruptcy Court**
**RE:**        **Depository in Chapter 11 Cases**

**Designated Depository:**

**Name of Account:**

You are to close all of your currently existing bank accounts and open bank accounts at the above designate depository. The account should be captioned exactly as shown above. You will need to present a copy of this memorandum to the bank when opening the account. Please make note of the following information:

1. Although this account is being opened under Chapter 11, the bank should encode it as a special bankruptcy account.

2. This is a Debtor In Possession case, and no counter-signature by the Bankruptcy Judge or the attorney is required. All bank statements may be mailed directly to the attorney for the Debtor in Possession, at the address requested by him/her.

3. After initially opening the bank accounts, you are to send the Bankruptcy Administrator notification that the account(s) are opened, including the account numbers, type of account(s), and contact person at the bank.

4. The accounts opened, including full name and account number and balance as of the last day of the month, are to be shown on the bank's monthly report, which is to be submitted to the Bankruptcy Administrator by the 10th of each month for the preceding month. The report is to be mailed to the Office of the U. S. Bankruptcy Administrator, P. O. Box 1828, Greensboro, NC 27402. If you open a savings account, certificate of deposit or other checking accounts, they are also to be shown on the monthly report of the bank.

5. In cases where you are operating the business, you must also open a Special Tax Account, to deposit all withholding taxes simultaneously with the payment of the related wage. If needed, a separate Payroll Account should be opened.

                                    OFFICE OF THE CLERK
Date:                                BY:
                                      Deputy Clerk

EXHIBIT "C"

## CHAPTER 11 QUARTERLY FEE
## INSTRUCTIONS

All chapter 11 cases are subject to the Chapter 11 Quarterly Fee.

The fee must be paid to the **Clerk, U.S. Bankruptcy Court** for every quarter (including any fraction thereof), from the time the petition is filed until the date of entry of an order dismissing or converting the case or closing a confirmed case. The fee is applicable to each and every case commenced under chapter 11 regardless of whether the case has been administratively consolidated with any other case.

**Cases pending during even one day during a quarter will be required to pay the fee applicable to that entire quarter.**

The debtor is responsible for the prompt and full payment of this fee. The amount varies depending upon the dollar value of **all disbursements** made during the calendar quarter; however, **a minimum fee of $325.00 is due each quarter even if no disbursements are made during the quarter.**

All quarterly fees must be paid before a chapter 11 plan can be confirmed. Section 1129(a)(12) of the Code states: "The Court shall confirm a plan only if all of the following requirements are met. All fees payable under section 1930, as determined by the court as the hearing on the confirmation of the plan, have been paid or the plan provides for the payment of all such fees on the effective date of the plan."

**Please make all checks payable to the "Clerk, U.S. Bankruptcy Court."** The debtor's case number should be written on the face of the check. Direct all correspondence and questions regarding your account to the Office of the Bankruptcy Administrator.

If any check is returned marked "Insufficient Funds", all future quarterly fee payments must be made by cashier's check, certified funds or postal money order.

**Quarterly Fee Schedule**

| Disbursements per quarter | Quarterly fee |
|---|---|
| Less than $15,000 | $325 |
| Total $15,000 to less than $75,000 | $650 |
| Total $75,000 to less than $150,000 | $975 |
| Total $150,000 to less than $225,000 | $1,625 |
| Total $225,000 to less than $300,000 | $1,950 |
| Total $300,000 to less than $1,000,000 | $4,875 |
| Total $1,000,000 to less than $2,000,000 | $6,500 |

12

| | | |
|---|---|---|
| Total $2,000,000 to less than $3,000,000 | $9,750 | |
| Total $3,000,000 to less than $5,000,000 | $10,400 | |
| Total $5,000,000 or more | varies, see 28 U.S.C § 1930 | |

## Quarterly Fee Due Dates

| Quarter | Ending | Due Date for Payment |
|---|---|---|
| 1st Quarter Jan-Feb-Mar | March 31 | April 30 |
| 2nd Quarter Apr-May-Jun | June 30 | July 31 |
| 3rd Quarter Jul-Aug-Sep | September 30 | October 31 |
| 4th Quarter Oct-Nov-Dec | December 31 | January 31 |

It is the debtor's independent responsibility to ensure these fees are paid on or before the due date. **The debtor will receive no bill.**

## Quarterly Fee Statements

Fed. R. Bankr. P. 2015(a)(5) requires that a debtor-in-possession file with the Bankruptcy Court and transmit to the United States Bankruptcy Administrator a statement of disbursements made during a calendar quarter, the amount of quarterly fees owed and the amount of fees paid to the United States Bankruptcy Clerk. The Chapter 11 Quarterly Fee Statement (See Attached) must be filed with the Bankruptcy Court and transmitted to the United States Bankruptcy Administrator on or before the last day of the month after the end of each calendar quarter. *Even if a plan has been confirmed, this report must be timely submitted by all chapter 11 debtors until the case has been converted or dismissed.*

If you seek to voluntarily dismiss your case, you must tender a copy of the check, payable to the Clerk, U.S. Bankruptcy Court, representing payment of the quarterly fee together with a completed Chapter 11 Quarterly Fee Statement to the United States Bankruptcy Administrator prior to the hearing on dismissal. Failure to tender the quarterly fee may result in the United States Bankruptcy Administrator's opposing dismissal of the case and requesting its conversion to a chapter 7 liquidation.

## Collection Actions

Please take notice that a chapter 11 debtor's failure to pay quarterly fees pursuant to 28 U.S.C. § 1930 has significant legal consequences. The United States Bankruptcy Administrator may move for dismissal or conversion of your chapter 11 case. Additionally, please be advised that, pursuant to the Debt Collection Improvements Act of 1996, Public Law 104-134, Title III, §31001(i)(3)(A), 110 Stat. 1321-365, codified at 31 U.S.C. §3701, the United States Bankruptcy Administrator may use the debtor's Taxpayer Identification Number ("TIN") as reported by the debtor or debtor's counsel in connection with the chapter 11 bankruptcy proceedings for the purpose of collecting and reporting on any delinquent debt, including chapter 11 quarterly fees.

13

The United States Bankruptcy Administrator may provide the debtor's TIN to the Department of Treasury for its use in attempting to collect overdue debts. Treasury may take the following steps: (1) submit the debt to the Internal Revenue Service Offset Program so that the amount owed may be deducted from any payment made by the federal government to the debtor, including but not limited to tax refunds; (2) report the delinquency to credit reporting agencies; (3) send collection notices to the debtor; (4) engage private collection agencies to collect the debt, and (5) engage the United States Attorney's office to sue for collection. Collection costs will be added to the total amount of the debt.

**CHAPTER 11 QUARTERLY FEE STATEMENT**
**Pursuant to Fed. R. Bankr. P. 2015(a)(5)**

FOR CALENDAR QUARTER ENDING_____, 20_____
DISBURSEMENTS*

1.    MONTH                                        DISBURSEMENTS
_____                      $_____
_____                      $_____
_____                      $_____


                        TOTAL DISBURSEMENTS
                            FOR QUARTER $_____

2.  QUARTERLY FEE OWED PURSUANT TO 28 U.S.C. § 1930(A)(6) $_____

3.  QUARTERLY FEE PAID                        $_____

(Attach proof of Payment)                     _____

4.  AMOUNT OF UNPAID FEES (IF ANY)            $_____


I, _____, acting as the duly authorized agent for the
Debtor-In-Possession (Trustee) (Plan Administrator) declare under penalty of perjury
under the laws of the United States that I have read and certify that the figures,
statements, disbursement itemizations, and account balances as listed in this Chapter
11 Quarterly Fee Statement are true and correct as of the date of this report to the best
of my knowledge, information and belief.

DATED: _____    _____
                                    For the Debtor-In-Possession (Trustee) (Plan Admin.)


_____
(Print or type name and capacity of person signing this Declaration)

_____
*For periods subsequent to plan confirmation, this includes payments pursuant to confirmed plan as well as all other distributions.

15

**United States Bankruptcy Administrator**
**Middle District of North Carolina**
**Post Office Box 1828**
**Greensboro, North Carolina 27402**

**William P. Miller**                                                    **Telephone (336) 358-4170**
**Bankruptcy Administrator**                                            **Facsimile (336) 358-4185**

**TO:**       Counsel for Debtors, Creditors' Committees, and Trustees; Accountants; and
              Other Professionals Participating in Chapter 11 Cases

**FROM:**     William P. Miller

**SUBJECT:**  Amended Chapter 11 Fee Application Guidelines

**EFFECTIVE DATE:**       February 11, 2013

        This version of the guidelines is effective for fee applications filed after February 11,
2013.

**I.      General Procedures**

        In a Chapter 11 case, the attorney for the debtor, the attorney for the unsecured creditors'
committee, the trustee, the examiner, the attorneys for the trustee and examiner, and the
accountant, as well as certain other professionals, may request an interim allowance of
compensation on an initial and quarterly basis. The procedures to be followed are set forth
below.

        **A.**     Initial Application.  After the creditors' meeting has been held (usually within 20
                to 40 days from the date that the petition was filed), the attorney for the debtor,
                the attorney for the creditors' committee, and other professionals whose
                employment has been approved by the court or who are otherwise seeking
                compensation from the bankruptcy estate may file an application for
                compensation for services rendered and for reimbursement of expenses through
                the date of the creditors' meeting. As discussed more fully below, an application
                must include a detailed itemization of services rendered, the dates the services
                were rendered, and the amount of time the services entailed. If the debtor's
                attorney (or other professional) received a retainer from the debtor at the time the
                petition was filed, a fee application must still be filed just as if no retainer had
                been received. The fee approved by the court will then be drawn against the pre-
                petition retainer; no fees will be paid from bankruptcy estate funds until the
                retainer has been depleted.

        **B.**     The initial fee application should include a request that the applicant be allowed
                to apply for and receive interim compensation on a quarterly basis for future
                services to be rendered to the estate at the rates as set by the court. In *exceptional*

16

circumstances and for cause shown, the applicant may request to receive compensation on a monthly basis. Such exceptional circumstances would be limited to large and complex cases, or those in which the applicants were in small firms that could not economically survive such a drain on financial resources.

**C.**     The court will set a hearing on the initial application for compensation and on the applicant's request for permission to file future requests for interim compensation. The hearing will be set with at least twenty one days' notice to all creditors and other interested parties. After a hearing is held on a fee application, the applicant requesting the fee must prepare an appropriate order approving the fees and expenses, setting forth the hourly rates approved by the court, and approving the arrangement for future interim compensation.

**D.**     <u>Interim Applications.</u> Following the initial application, interim fee applications may be filed on a quarterly basis and will be considered for approval in accordance with the following schedule:

| <u>For Quarter Ending</u> | <u>File with the Clerk and Serve BA on or Before</u> |
|---|---|
| March 31 | April 21 |
| June 30 | July 21 |
| September 30 | October 21 |
| December 31 | January 21 |

Failure to timely file the application will delay consideration of the fee request until the next quarter.

**E.**     After an interim application has been noticed, it will be held in the Clerk's Office for a period of at least ten days to allow any party-in-interest the opportunity to review and consider the application, and to file an objection if desired. The court will set a hearing if an objection to a quarterly fee application is filed or if the court desires that it be set for hearing. If the application is approved in whole or in part without a hearing, an approval letter will be mailed by the Clerk's Office to the applicant and to the debtor upon approval of the application.

**F.**     The applicant must file the following with fee applications:

1. A Summary of Services Rendered during the previous quarter (copy of form attached);
2. A Categorized Summary of Services Rendered during the previous quarter (copy of form attached).
3. Estimate of Total Fees to be Incurred (copy of form attached);
4. A Summary of Accumulated Services Rendered and Expenses Incurred (copy of Form attached);
5. A copy of the order approving the employment of the professional;

17

6. Biographical information; and
7. A detailed itemization of the services rendered, the date rendered, and the
   amount of time spent.

Attached is a summary that shows more specifically each item that must be included with each type of fee application (initial, interim, and final) and in what order the information must appear.

**G.**     Accountants' fee applications are subject to all provisions of these fee application guidelines.

**H.**     In particular cases, the BA or Bankruptcy Court may request submission of the fee application in a different format.

**II.**     **Form/Content of Fee Applications**

**A.**     **Checklist**

A checklist to aid applicants in organizing initial, interim, and final fee applications is included in these guidelines.

**B.**     **Biographical Information**

Each fee application (initial, interim and final) must include a brief biographical description of each of the individuals for whom compensation is sought, including paraprofessionals. This information is necessary to help evaluate the applicants and to aid in the determination of an appropriate rate of compensation. An application received without this information cannot be properly evaluated, which may delay the court's consideration of the application for compensation. The biographical information should include at least the following:

1. Name
2. Position in the firm
3. Educational background
4. Professional (or paraprofessional) background, including at least the following:
   a. Number of years of general experience
   b. Number of years of bankruptcy experience
   c. Specialization or certification
   d. Percentage of practice devoted to bankruptcy
5. Usual billing rate

**C.**     **Attestation**

The applicant submitting the application must include a statement to the effect that the application complies with the fee guidelines. This statement is to be included on the Summary of Services Rendered, as shown on the attached form.

18

### D. Estimate of Total Expected Fees

Counsel for the debtor, counsel for the unsecured creditors' committee, counsel for a trustee, and any other professional who will be filing more than a single fee application in any case must include in the fee applications a projection, by category (see below), of the amount of fees that they expect will be incurred in the case from beginning to end. This projection should be revised at least every six months if the projection has changed materially.

### E. Categorization of Activities is Required

Activities must be categorized. All supporting time details should by grouped by category, with time entries appearing in chronological order within the category.[1] Although the categories could vary based on the circumstances of each particular case, the following should be used, at a minimum:

*ATTORNEYS*
1. General case administration;
2. Employee benefits;
3. Preparing for and defending relief from stay motions;
4. Negotiation and drafting of plan and disclosure statement;
5. Executory contracts and lease issues;
6. Claims administration and objections;
7. Adversary proceedings (separately designated);
8. Fee applications;
9. Post-confirmation issues;
10. Intra-office conferences/multi-person activities;
11. Travel; and
12. Other.

*ACCOUNTANTS/FINANCIAL CONSULTANTS*
13. Accounting/SEC information -- Activities related to maintaining books of account, preparation of financial statements and account analysis;
14. Auditing;
15. Business analysis -- Preparation and review of company business plan, development and review of business strategies; preparation and review of cash flow forecasts and feasibility studies;
16. Liquidation analysis;
17. Valuation -- Appraisals of assets or review of appraisals;
18. Conferring among other professionals;
19. Reviewing the work of other professionals;
20. Plan and disclosure statement -- Formulation, presentation and confirmation;
21. Tax issues;
22. Litigation consulting -- Services related to bankruptcy matters such as insolvency, feasibility, avoiding actions, forensic accounting, etc.;

---

[1] [In other words, if Tom Smith had two entries into the Travel category on 1/3/00 and 1/22/00, and Mary Jones had a Travel category entry on 1/13/00, Tom Smith's 1/3/00 entry would be followed by Mary Smith's 1/13/00 entry; Tom Smith's 1/22/00 travel time would be the final entry. Time should **not** be grouped first by individual and the by date within the category.]

19

23.  Management of the Debtor;
24. Fee application preparation;
25. Travel; and
26. Other.

## F. Time Entries

Professionals must file *detailed* fee applications, which will be the subject of substantial scrutiny by other parties in the case, as well as independent review by the court regardless of whether an objection is filed, to determine the reasonableness of the fees requested.

1. Detail Required.
Fee applications must provide detailed descriptions of the services. Each discrete activity must be fully described, and the time expended on *each* activity must be disclosed. All time detail should be in hours and in decimal notation. Billing increments of one-tenth or hundredths of an hour are required; quarter-hour increments are not acceptable. Examples of unacceptable time notations are "55 minutes," "2 ½ hours" and "½ day." Apparent "minimum" billing times, such as .20 hours for a phone call or .30 hours for a letter (regardless of the length of the call or letter), are not acceptable and may result in a reduction in allowed hours.

2. Do Not Combine Entries.
Entries in applications must not be combined. The practice of "lumping" several different tasks together is unacceptable, as it makes it difficult to separate compensable items from those that may be noncompensable. Fees may be routinely reduced for entries that are lumped together. Accordingly, each discrete activity must be itemized and described in sufficient detail to allow a determination of whether the time spent on the activity was reasonable and necessary.

## G. Other Time Entry Information/Requirements
1. Adversary Proceedings -- Each adversary proceeding should be separately designated such that the results obtained from each adversary proceeding can be evaluated in relation to the cost of the litigation.

2. Intraoffice Conferences/Multi-Attorney Activities -- Each time entry for a multitimekeeper activity must reflect the name of each of the other timekeepers in attendance and whether time has been billed by the timekeeper for his or her participation in the activity. If more than one person has billed for the activity, the need for billing by more than one timekeeper must be clearly explained. Absent such an explanation, multiple billing is unacceptable and the time expended by one of the timekeepers may be disallowed. When the nature of the case involved is such that more than one professional will be needed to work on the matter, the need should also be described in the narrative body of the initial and final applications.

3**.** Travel Time -- Travel time will be compensated at no more than one-half of the professional's allowed rate. Local (in county) travel is usually considered to be an overhead expense built into the professional's hourly rate and is not separately compensable.

20

**4.** Court Time -- Court time should include only time *actually spent in court hearings* and should not include travel time to or from court or any time spent in any conferences held in conjunction with the court appearance. Court time also includes the meeting of creditors held pursuant to Section 341.

**5.** Ministerial and Clerical Tasks -- Ministerial and clerical tasks performed by a professional or a paraprofessional person are not compensable. Nonprofessional duties are considered to be overhead and assumed to be part of the professional's billing rate. Therefore, such tasks as typing, transcription, opening the mail, copying, organizing files, filing, filing a document with the court through CM/ECF and the like will be considered to be noncompensable unless the description clearly justifies a need for these tasks to be performed by a professional or paraprofessional. Fees may also be reduced for attorneys' failure to use paralegals to perform tasks that do not need to be performed by an attorney

### III. Hourly Rates of Compensation

Fee applicants may submit fee applications based on reasonable hourly rates consistent with Section 330 of the Bankruptcy Code; there are no set interim hourly rates.[2] The court may consider at least the following criteria in determining the hourly rate to be awarded to each applicant:
1. The time expended;
2. The nature and extent of the services rendered;
3. The value of the services to the estate; and
4. The cost of comparable services other than in a case under Title 11.

Each fee application must clearly set forth whether there has been a change in any hourly rates that are being requested, as compared to what the court has *allowed* to the applicant in the most recent order awarding fees to the applicant, i.e., is the applicant requesting a higher rate in this fee application than the court allowed in the last fee application in the case? See Summary of Services Rendered/Application for Compensation and Reimbursement of Expenses (copy of form attached).

### IV. Holdback Provisions

It shall be up to the judge in each case to decide whether to implement some type of holdback procedure. Provided a case is moving at a satisfactory pace, usually no holdback procedure would be warranted. If a holdback procedure is implemented, the portion of fees that is held back would be available to be paid upon completion of the case and submission of a final fee application. There may be some instances in which a fee enhancement or bonus would be appropriate; however, this would occur only in the rare and exceptional case inasmuch as the court will have already made a determination that the professional is receiving a reasonable hourly rate for the services.

---

[2] Or §506(b) or §506(c), as may be applicable.

21

## V. Two Summary Charts of Time and Expenses

### A. By Individual

Each fee application must contain a summary chart showing the name of the individual, his or her position in the firm (partner, associate, paralegal, etc.), the total hours billed by each person, the rate per hour, and the extended amount. Time itemizations should be totaled by individual and "grand total" for the period for which compensation is sought. This information should be in the form of a single-spaced chart, similar to the following:

| Name | Position | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Susan Jones | Partner | 12.0 | 130.0 | 1,560.00 |
| Susan Jones | Travel | 2.5 | 65 | 162.50 |
| Tom Smith | Associate | 26.0 | 90.00 | 2,340.00 |
| Anne Foster | Paralegal | 11.0 | 50.00 | 550.00 |
| Total | | 51.5 | | 4,612.50 |
| Total Expenses | | | | 122.00 |
| Total Fees and Expenses | | | | 4,734.50 |

\* The expenses must also be itemized elsewhere in the application.

The Summary of Services Rendered should be the first page of every interim fee application; do not submit a pleading-type document as the first page of an interim fee application. When filing interim fee applications with the Clerk's Office, file one original of the entire application, along with an additional copy of just the Summary of Services Rendered page (the attachments to the Summary should not be included). See the checklist that describes the order in which the information should appear.

### B. By Category

Each fee application must also contain a summary chart showing each category, the total hours billed in each category, the rate per hour in each category, and the extended amount. Time itemizations should be totaled by number of hours and the dollar amount. This information should be in the form of a single-spaced chart, similar to the following:

| Category | Hours | Rate | Total |
|----------|-------|------|-------|
| Case Administration | 8.5 | 165.00 | 1,402.50 |
| | 2.0 | 130.00 | 260.00 |
| Employee Benefits | 1.2 | 165.00 | 198.00 |
| Relief from stay motions | 2.3 | 130.00 | 299.00 |

22

| | | | |
|---|---|---|---|
| Plan and Disclosure statement | | | |
| Executory contracts/lease issues | 3.5 | 165.00 | 577.50 |
| | 1.3 | 130.00 | 169.00 |
| Claims | 1.8 | 130.00 | 234.00 |
| Adversary Proceedings | | | |
| Fee applications | 1.4 | 50.00 | 70.00 |
| Post-confirmation issues | | | |
| Intra-office conferences/multi-person activities | 1.9 | 165.00 | 313.50 |
| Travel | 3.0 | 82.50 | 247.50 |
| **Total** | 26.9 | | 3,771.00 |

## VI. Expenses

Detailed expenses must be furnished in each fee application; it is important that each expense be set forth in detail and justified as to its benefit to the estate. The application must contain a statement to the effect that the expenses are being billed *at cost* (that is, there is no added profit or other multiplier added to the applicant's cost). The expense items that appear in applications most frequently are discussed below.

**A.** Telephone -- Under no circumstances are applicants permitted to "guesstimate" long distance or cellular phone charges and simply charge a flat fee for each call. The expenses requested must reflect the actual expenses incurred.

**B.** Copy Charges -- The nature of the copying, the number of copies, the charge per copy, and the total charge should be disclosed. The description should also state whether the copying was produced "in house" or was done by an outside service.

**C.** Mileage -- The date, the destination and purpose of each trip, the number of miles, the charge per mile, and the total charge should be stated.

**D.** Other Travel -- Where a trip requires expenses such as meals or lodging, the details of each expense (meals, lodging, transportation, etc.) should be clearly stated, along with the total cost. A single entry for the total expense of a trip is not adequate. The description should also explain why the trip was necessary.

If air travel is used in lieu of automobile travel, the cost difference between the alternative method and mileage should be calculated and clearly shown. Such a calculation should include both the cost of the travel time (hours times rate for one method versus hours times rate for the other) and the expense (ticket price versus mileage) of travel. Where a substantial difference exists between the alternative methods, and the more expensive method is used, the use of the more expensive travel must be justified.

**E.** Accelerated Delivery Methods The use of accelerated methods of delivery is often necessary and of benefit to the estate.

23

    1. Facsimile Charges
    Charges for faxes are limited to the actual cost of incoming and outgoing faxes. For
    outgoing faxes, expenses are limited to the cost of any long distance telephone
    charges incurred. For incoming facsimiles, reimbursable expenses are limited to the
    actual cost of the faxes received, and the applicant must disclose the number of pages
    received, the charge per page, and the total charge for incoming faxes.

## VII. Disclosure/Documentation of Pre-Petition Time Charged Against Retainers

When a retainer is drawn down prior to filing the petition, there must be a full disclosure and
documentation of the total amount of pre-petition retainer paid and the time charged against the
retainer. This disclosure and documentation of the pre-petition time charged against the retainer
is to be set forth in accordance with the usual itemizations that are required for post-petition fee
applications. The disclosure and documentation of the retainer and the pre-petition time charged
against the retainer should be made as part of the Rule 2016(b) Disclosure of Compensation
Statement and in the initial application for compensation.
When the pre-petition time charged against retainer is to be included in the applicant's initial
application for compensation, this time should be clearly labeled as "pre-petition time charged
against retainer." The application must also state that the information on pre-petition time was
included in the Rule 2016(b) Disclosure of Compensation Statement.

## VIII. Service of Fee Applications

The original of each fee application must be filed with the court by CM/ECF. A paper copy of
each application must also be served on the Bankruptcy Administrator at the same time that the
original application is filed with the court. Service to the Bankruptcy Administrator should be by
mail or by delivery to the Bankruptcy Administrator's Office. Failure to serve a copy of a fee
application upon the Bankruptcy Administrator will likely delay the court's consideration of the
fee application. The attorney for the debtor is to serve a copy of each application on the attorney
for the creditors' committee (if there is one). The attorney for the creditors' committee is to serve
a copy of any application on the attorney for the debtor and chairperson of the creditors'
committee.

## IX. Procedures for Filing "Supplemental" Final Fee Applications

The applicant should include in the application for final compensation, and in the order to be
entered thereon, provision for the applicant to submit "supplemental" fee applications, for the
period subsequent to entry of the order allowing final compensation and until entry of the final
decree closing the case. Any supplemental fee applications should be filed and otherwise
processed in accordance with the usual Chapter 11 interim fee application practices.

Case 14-81035   Doc 5   Filed 09/19/14   Page 24 of 41

# CHECKLIST

## Initial Application

- ☐ Page notes
- ☐ Narrative, pleading-type application
- ☐ Summary of Services Rendered, including attestation.
- ☐ Categorized Summary of Services Rendered.
- ☐ Estimate of Total Fees to be Incurred (include all copies to date)
- ☐ Application for and Order Approving Employment
- ☐ Biographical Information
- ☐ Itemization of services and expenses

## Interim Application

- ☐ Page Notes
- ☐ Summary of Services Rendered, including attestation. *Include attestation at bottom of Summary of Service page.
- ☐ Categorized Summary of Services Rendered
- ☐ Summary of Accumulated Services Rendered
- ☐ Estimate of Total Fees to be Incurred (also include a copy of each previously-filed estimate)
- ☐ Application for and Order Approving Employment
- ☐ Biographical Information
- ☐ Itemization of services and expenses

## Final Application

- ☐ Page Notes
- ☐ Narrative, pleading-type application
- ☐ Summary of Services Rendered, including attestation. *Include attestation at bottom of Summary of Service page.
- ☐ Categorized Summary of Services Rendered
- ☐ Summary of Accumulated Services Rendered
- ☐ Estimate of Total Fees to be Incurred (also include a copy of each previously-filed estimate)
- ☐ Application for and Order Approving Employment
- ☐ Biographical Information
- ☐ Itemization of services and expenses

25

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

In re:

,
Debtor.
Case No. __-_____ C-11 _____
**SUMMARY OF SERVICES RENDERED/**
**APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**
By: _____
During the period from _____, 20___ through _____, 20___, the undersigned person/firm
performed professional services for the above-named bankruptcy estate in the capacity of _____.
Attached to the summary is a detailed itemization of time expended and expenses incurred in the performance of
these professional services.

| Name | Title | Hourly Rate | Total | Hourly Rate previously allowed by the Court |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| **Total** | | | | |
| **Expenses** (as shown on attachment) | | | | |
| **Total Amount Requested** | | | | |

I certify that the information contained in this application is true and accurate and that the
application complies with the court's Chapter 11 fee guidelines currently in effect.
This the_____ day of _____, 20__.


_____

26

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

In re:
,
Debtor.

Case No. __-_____ C-11 _____

**CATEGORIZED SUMMARY OF SERVICES RENDERED**

By: _____

During the period from _____, 20___ through _____, 20___, the undersigned person/firm performed professional services for the above-named bankruptcy estate in the capacity of _____.

| Category | Hours | Hourly Rate | Total |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
| **Total** |  |  |  |

The following summarizes by category the time expended by the applicant:

This the _____ day of _____, 20__.

_____

27

**IN UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

In re:

,

Debtor.

Case No. __-_____ C-11 ___

**SUMMARY OF ACCUMULATED SERVICES RENDERED AND EXPENSES INCURRED**

Applicant: _____

Total fees previously:

Requested: $_____

Court-approved: $_____

Paid to applicant:: $_____

Total expenses previously:

Requested: $_____

Court-approved: $_____

Paid to applicant: $_____

Fees requested
in this application: $ _____
Expenses requested

in this application: $_____

Balance in retainer: $_____

*This form must be completed and attached to each and every application for compensation filed in bankruptcy cases pending in the Middle District of North Carolina regardless of the reason it is submitted and regardless of the Chapter of the Bankruptcy Code under which the applicant is proceeding.*

28

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

In re:
,
Debtor.
Case No. __-_____ C-11 ___
**ESTIMATE OF TOTAL FEES TO BE INCURRED**
By: _____

The undersigned person/firm estimates that the following reflects the fees, by category, that are expected to be incurred during the course of this Chapter 11 case:

| Category | Hours | Rate | Total |
|---|---|---|---|
| Case administration | | | |
| Employee Benefits | | | |
| Relief from Stay Motions | | | |
| Plan and disclosure statement | | | |
| Executory contracts/lease issues | | | |
| Claims administration and objections | | | |
| Adversary proceedings | | | |
| Fee applications | | | |
| Post-confirmation issues | | | |
| Intra-office conferences/multi-person activities | | | |
| Travel | | | |
| Other | | | |
| **Total** | | | |

This the _____ day of _____, 20__.
_____

*This form is to be completed by counsel for the debtor, counsel for the unsecured creditors' committee, and all other professionals who will be filing more than one fee application, and the form must be filed with the initial fee application. (Accountants must revise the form to include the categories to be used by accountants.)*

29

# United States Bankruptcy Court

_____ District of _____

In re _____.          Case No. _____
Debtor
Chapter 11 Case

## MONTHLY OPERATING REPORT

**Month:** _____          **Date Filed:** _____
        **Line of Business:** _____ **NAICS Code:** _____
IN ACCORDANCE WITH TITLE 28, SECTION 1746, OF THE UNITED STATES CODE, I DECLARE UNDER
PENALTY OF PERJURY THAT I HAVE EXAMINED THE FOLLOWING MONTHLY OPERATING REPORT
AND THE ACCOMPANYING ATTACHMENTS AND, TO THE BEST OF MY KNOWLEDGE, THESE
DOCUMENTS ARE TRUE, CORRECT AND COMPLETE.

RESPONSIBLE PARTY:
_____
ORIGINAL SIGNATURE OF RESPONSIBLE PARTY

_____
PRINTED NAME OF RESPONSIBLE PARTY

| **QUESTIONNAIRE: (All questions to be answered on behalf of the debtor.)** | **YES** | **NO** |
|---|---|---|
| 1. IS THE BUSINESS STILL OPERATING ? | ☐ | ☐ |
| 2. HAVE YOU PAID ALL YOUR BILL ON TIME THIS MONTH? | ☐ | ☐ |
| 3. DID YOU PAY YOUR EMPLOYEES ON TIME? | ☐ | ☐ |
| 4. HAVE YOU DEPOSITED ALL THE RECEIPTS FOR YOUR BUSINESS IN TO THE DIP ACCOUNT THIS MONTH? | ☐ | ☐ |
| 5. HAVE YOU FILED ALL OF YOUR TAX RETURNS AND PAID ALL OF YOUR TAXES THIS MONTH? | ☐ | ☐ |
| 6. HAVE YOU TIMELY FILED ALL OTHER REQUIRED GOVERNMENT FILINGS? | ☐ | ☐ |
| 7. HAVE YOU PAID ALL OF YOUR INSURANCE PREMIUMS THIS MONTH? | ☐ | ☐ |
| 8. DO YOU PLAN TO CONTINUE TO OPERATE THE BUSINESS NEXT MONTH? | ☐ | ☐ |
| 9. ARE YOU CURRENT ON YOUR CHAPTER 11 QUARTERLY FEE PAYMENT ? | ☐ | ☐ |
| 10. HAVE YOU PAID ANYTHING TO YOUR ATTORNEY OR OTHER PROFESSIONAL THIS MONTH? | ☐ | ☐ |
| 11. DID YOU HAVE ANY UNUSUAL OR SIGNIFICANT UNANTICIPATED EXPENSES THIS MONTH? | ☐ | ☐ |
| 12. HAS THE BUSINESS SOLD ANY GOODS OR PROVIDED SERVICES OR TRANSFERRED ANY ASSETS TO ANY BUSINESS RELATED TO THE DIP IN ANY WAY? | ☐ | ☐ |
| 13. DO YOU HAVE ANY BANK ACCOUNTS OPEN OTHER THAN THE DIP ACCOUNT? | ☐ | ☐ |
| 14. HAVE YOU SOLD ANY ASSETS OTHER THAN INVENTORY THIS MONTH? | ☐ | ☐ |
| 15. DID ANY INSURANCE COMPANY CANCEL YOUR POLICY THIS MONTH? | ☐ | ☐ |
| 16. HAVE YOU BORROWED MONEY FROM ANYONE THIS MONTH? | ☐ | ☐ |
| 17. HAVE YOU PAID ANY BILLS YOU OWED BEFORE YOU FILED BANKRUPTCY? | ☐ | ☐ |

30

**TAXES**

| | YES | NO |
|---|---|---|
| DO YOU HAVE ANY PAST DUE TAX RETURNS OR PAST DUE POST-PETITION TAX OBLIGATIONS? | ☐ | ☐ |
| IF YES, PLEASE PROVIDE A WRITTEN EXPLANATION INCLUDING WHEN SUCH RETURNS WILL BE FILED, OR WHEN SUCH PAYMENTS WILL BE MADE AND THE SOURCE OF THE FUNDS FOR THE PAYMENT. | ☐ | ☐ |

*(Exhibit A)*

**INCOME**

PLEASE SEPARATELY LIST ALL OF THE INCOME YOU RECEIVED FOR THE MONTH. THE LIST SHOULD INCLUDE ALL INCOME FROM CASH AND CREDIT TRANSACTIONS. A SUMMARY STATEMENT OF INCOME AND EXPENSES MAY
BE SUBMITTED WITH THE PRIOR APPROVAL OF THE BANKRUPTCY ADMINISTRATOR.
**TOTAL INCOME** _____

*(Exhibit B)*

**SUMMARY OF CASH ON HAND**

Cash on Hand at Start of Month $_____
Cash on hand at end of Month $_____
PLEASE PROVIDE THE TOTAL AMOUNT OF CASH CURRENTLY AVAILABLE TO YOU
**TOTAL $_____**

**EXPENSES**

PLEASE SEPARATELY LIST ALL EXPENSES PAID BY CASH OR BY CHECK FROM YOUR BANK ACCOUNTS THIS MONTH. INCLUDE THE DATE PAID, WHO WAS PAID, WHO WAS PAID THE MONEY, THE PURPOSE AND THE AMOUNT. A SUMMARY STATEMENT OF INCOME AND EXPENSES MAY BE SUBMITTED WITH THE PRIOR APPROVAL OF THE BANKRUPTCY ADMINISTRATOR.
**TOTAL EXPENSES** _____

*(Exhibit C)*

**CASH PROFIT**

INCOME FOR THE MONTH (TOTAL FROM EXHIBIT B) _____
EXPENSES FOR THE MONTH (TOTAL FROM EXHIBIT C) _____
(Subtract Line C from Line B) **CASH PROFIT FOR THE MONTH** _____

**UNPAID BILLS**

PLEASE ATTACH A LIST OF ALL DEBTS (INCLUDING TAXES) WHICH YOU HAVE INCURRED SINCE THE DATE YOU FILED BANKRUPTCY BUT HAVE NOT PAID. THE LIST MUST INCLUDE THE DATE THE DEBT WAS INCURRED, WHO IS OWED THE MONEY, THE PURPOSE OF THE DEBT AND WHEN THE DEBT IS DUE.
A SUMMARY STATEMENT OF ACCOUNTS PAYABLE, WITH AGEING INFORMATION, MAY BE SUBMITTED WITH THE PRIOR APPROVAL OF THE BANKRUPTCY ADMINISTRATOR. ALL UNPAID NON-TRADE PAYABLES MUST BE LISTED SEPARATELY, IN DETAIL.
**TOTAL PAYABLES** _____

*(Exhibit D)*

**MONEY OWED TO YOU**

PLEASE ATTACH A LIST OF ALL AMOUNTS OWED TO YOU BY YOUR CUSTOMERS FOR WORK YOU HAVE DONE OR THE MERCHANDISE YOU HAVE SOLD. YOU SHOULD INCLUDE WHO OWES YOU MONEY, HOW MUCH IS OWED AND WHEN IS PAYMENT DUE. A SUMMARY STATEMENT OF ACCOUNTS RECEIVABLE, WITH AGEING INFORMATION, MAY BE SUBMITTED WITH THE PRIOR

31

APPROVAL OF THE BANKRUPTCY ADMINISTRATOR. ALL UNPAID NON-TRADE RECEIVABLES
MUST BE LISTED SEPARATELY, IN DETAIL.
**TOTAL RECEIVABLES** _____

*(Exhibit E)*

**BANKING INFORMATION**
PLEASE ATTACH A COPY OF YOUR LATEST BANK STATEMENT FOR EVERY ACCOUNT YOU
HAVE AS OF THE DATE OF THIS FINANCIAL REPORT OR HAD DURING THE PERIOD COVERED
BY THIS REPORT.
_____
_____

*(Exhibit F)*

**EMPLOYEES**
NUMBER OF EMPLOYEES WHEN THE CASE WAS FILED? _____
NUMBER OF EMPLOYEES AS OF THE DATE OF THIS MONTHLY REPORT? _____
**PROFESSIONAL FEES**
*BANKRUPTCY* RELATED:
PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID DURING THIS REPORTING
PERIOD? _____
TOTAL PROFESSIONAL FEES RELATING TO THE BANKRUPTCY CASE PAID SINCE THE FILING
OF THE CASE? _____
*NON-BANKRUPTCY* RELATED:
PROFESSIONAL FEES PAID NOT RELATING TO THE BANKRUPTCY CASE PAID DURING THIS
REPORTING PERIOD? _____
TOTAL PROFESSIONAL FEES PAID NOT RELATING TO THE BANKRUPTCY CASE PAID DURING
THIS REPORTING PERIOD? _____

**ADDITIONAL INFORMATION**
**(1) PLEASE ATTACH ALL FINANCIAL REPORTS INCLUDING AN INCOME STATEMENT,
BALANCE SHEET, STATEMENT OF CASH FLOWS, AND STATEMENT OF
SHAREHOLDERS/PARTNER'S EQUITY WHICH YOU PREPARE INTERNALLY.
(2) PLEASE ADD ANY INFORMATION, SUCH AS A REPORT OF ACTIVITIES, WHICH WOULD
ASSIST A REASONABLY INFORMED REVIEWER TO FULLY UNDERSTAND THE STATUS OF THIS
BANKRUPTCY CASE**

**EXHIBIT "F"**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

In Re:                                     )      Case No. _____
                                          )
                                          )

                         Debtor(s) )

**STATUS REPORT ON ACTIVITIES AND**
**FINANCIAL CONDITION OF DEBTOR IN POSSESSION**

The following status report on the activities and the financial condition of the debtor in possession as
of ,            20__ is as follows:

**General Information**
**1. Date petition filed:**

**2. Attorney for debtor in possession:**

**3.Attorney for committee of unsecured creditors:**

**4. Brief statement re cause of filing Chapter 11: _____**
_____
_____
_____
_____
_____

**5. Brief statement re debtor's major activities since filing Chapter 11:**

**6. Prospect for debtor's future operations and reorganization:**

**7. Monthly reports have been filed as follows:**

| *Period* | *Date Filed* | *Receipts* | *Disbursements* | *Gain (Loss)* |
|----------|--------------|------------|-----------------|---------------|
|          |              |            |                 |               |
|          |              |            |                 |               |
|          |              |            |                 |               |

33

**8. Cash on hand as of _____, 20___ = _____**

**9. Prepetition accounts receivable:**

| Period | Prepetition A/R Collected | Uncollected Prepetition A/F |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**10. Postpetition accounts receivable:**

| Period | Accounts Receivable |
|---|---|
|  |  |
|  |  |
|  |  |

Total postpetition A/R uncollected:

**11. Postpetition accounts payable:**

| Period | Accounts Payable |
|---|---|
|  |  |
|  |  |
|  |  |

Total postpetition accounts payable unpaid:

**12. Status of postpetition tax payments (withholding, FICA, sales):**

| Period | Taxes Accrued | | | Deposited in Escrow Acct. | Paid to Tax Authority |
|---|---|---|---|---|---|
|  | W/H | FICA | SALES |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

34

**13. Postpetition disposition of assets (sales outside the ordinary course of business):**

| Date | Type | Amount |
|------|------|--------|
|      |      |        |
|      |      |        |
|      |      |        |

**14. Postpetition payment of secured debt (including leases):**

| Paid | Creditor | Monthly Secured Debt | Amount Paid |
|------|----------|----------------------|-------------|
|      |          |                      |             |
|      |          |                      |             |
|      |          |                      |             |

**15. Accrued but unpaid postpetition installments on secured debt or leases:**

| Creditor | Monthly Installment | No. Installments Not Paid | Amount Accrued (unpaid) |
|----------|---------------------|---------------------------|-------------------------|
|          |                     |                           |                         |
|          |                     |                           |                         |
|          |                     |                           |                         |

**16. Additional information/comments:**

This the day _____ of_____, 20_____.
Attorney for Debtor in Possession

35

**EXHIBIT "G"**

**Information to be contained in Final Report**

1. A summary of all professional fees broken down into fees and expenses.

2. Percent dividend to be paid to unsecured creditors, if known.

3. Report should contain breakdown of creditors by classes, per confirmed plan, a description of each and how it was paid or is being paid.

4.  Any other steps taken by the debtor toward implementation of the plan, and the status of such efforts.

36

**EXHIBIT "H"**
**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**MEMORANDUM**

**TO: Attorney for the Debtor in Possession**
**DATE:**
**FROM: Clerk's Office, U.S. Bankruptcy Court**
**RE:    Case Name:**
**       Case Number:**

**Summary of the Voting on the Plan of Reorganization**

Attached is a form to be used to report the summary of the voting on the Plan of Reorganization in the above named case. Please note that this form **must be filed no later than three (3) business days** prior to the date of the hearing on the Confirmation of the Plan. This summary form should be filed with the Clerk's Office, and (1) paper copy to be served on the Bankruptcy Administrator's Office. This form provides an easy to read summary of whether each class has accepted or rejected the plan.

To complete the summary you should note (for **each** class) the class description, the number of ballots accepting the plan, the number of ballots rejecting the plan, the dollar value of the ballots accepting the plan, the dollar value of the ballots rejecting the plan, whether the class has accepted the plan and whether the class is impaired. If a class is not impaired and voting is not necessary, such class must still be included in the summary.

If you find that it will be necessary to request a cram-down hearing, please not that you should file a motion with the Court to be scheduled for hearing.

OFFICE OF THE CLERK
BY:

Deputy Clerk

37

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA

IN RE:                                    )
                                          ) Case No. _____
                                          )


**SUMMARY OF VOTING ON THE PLAN OF REORGANIZATION**

**(List Each Class in Plan)**

| CLASS | | NUMBER OF VOTES | AMOUNT OF VOTES | CLASS VOTE AND IMPAIRMENT |
|---|---|---|---|---|
| No. | Description | | | |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |

38

| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |
|---|---|---|---|---|
| | | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | _____ Acceptances<br>_____Rejections<br>_____Acceptances (%) | ____Accepted<br>____Rejected<br>____Impaired<br>____Unimpaired |

**(THIS SUMMARY IS REQUIRED TO BE FILED BY AT LEAST THREE (3) BUSINESS DAYS PRIOR TO THE**
**CONFIRMATION HEARING)**


Respectfully submitted, this day_____ of_____ , 20_____ .



Signature

39

**EXHIBIT "I"**


**DISPUTED, CONTINGENT, AND UNLIQUIDATED CLAIMS IN CHAPTER 11 CASES**


Local Rule 3003-1(b) has been established with regard to claims scheduled as disputed, contingent, or unliquidated. The debtor is required to notify each creditor whose claim is listed on the petition as disputed, contingent, or unliquidated of that fact.

Notice must be sent within 14 days after the filing of the schedule of assets and liabilities or, within 14 days after the addition of such creditor to the schedules. A certificate of service shall be provided to the Court 3 days after notification is given.

Failure to notify a creditor listed as disputed, contingent, or unliquidated will result in a creditor's claim being deemed filed as though a proof of claim has been filed by the creditor.

40

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**
**IN THE MATTER OF:**

)
) **Case No.**
)

**Debtor(s) )**


### NOTICE

Notice is hereby given that the following creditors have been listed in the above named case as holding claims which are contingent, disputed or unliquidated in the amounts indicated:

Creditor                    Amount


Pursuant to Bankruptcy Rule 3003(c)(2), the above listed creditors must file proofs of claim with the Bankruptcy Court in order to participate in voting and distribution in this case. The deadline for filing a proof of claim is set forth in the Notice of Commencement of Case under Chapter 11, Meeting of Creditors and Fixing of Dates.

Date:
Attorney for Debtor

41