UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE:<br><br>**WOODLAKE PARTNERS, LLC,**<br><br>DEBTOR | **CASE NO. 14 - 81035**<br>**CHAPTER 11** |
|---|---|
| **Motion for an Order (A) Authorizing Debtor to (1) Pay Pre-petition Employee Wages, Salaries and Related Items, (2) Make Payments for which Payroll Deductions Were Made, (3) Make Pre-Petition Contributions and Pay Benefits Under Employee Benefit Plans, and (4) Pay All Costs Incident to the Foregoing Payments and Contributions, and (B) Authorizing Applicable Banks and Other Financial Institutions to Receive, Process, Honor and Pay any and all Checks Drawn on Debtor's Accounts for Such Purposes** ||

NOW COMES Woodlake Partners, LLC (the "Debtor") and moves the Court pursuant to §§ 105, 507(a)(3), 507(a)(4), 507(a)(8) and 1108 of the Bankruptcy Code for entry of an order (A) authorizing the Debtor to (1) pay to or for the benefit of employees their accrued pre-petition wages, salaries or other compensation on the regularly scheduled post-petition pay dates in accordance with the policies and practices established prior to the Petition Date (as defined below), (2) make certain accrued pre-petition contributions or payments directly on account of employee benefit plans, (3) continue such employee benefit plans post-petition as more fully described below, and (4) pay all local, state and federal withholding and payroll related taxes relating to such payments, and (B) authorizing and directing all banks to honor pre-petition checks, pay cards and fund transfer requests for payment of such items, and in support thereof, respectfully represent as follows:

1. On September 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code. The Debtor continues in possession of its assets and operates its business as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

1

3. As of the Petition Date, the Debtor employs approximately thirty-three (33) full-time and part-time employees (collectively, the "Employees").[1] As described more fully below, the Debtor owes the Employees compensation on account of salary and wages that were earned through the Petition Date.

4. In addition, the Debtor withheld certain amounts from some of the Employees' paychecks for contributions to various programs and funds. Failure to remit these funds to appropriate programs or funds may be regarded by the Employees as a misappropriation of their wages and may risk the cessation of certain benefits to which they reasonably believe they are entitled as a result of the deductions.

*Pre-petition Employee Claims*

5. The Employees are paid in arrears on a bi-weekly basis. As of the Petition Date, there are accrued and unpaid wages for (i) the pay period commencing September 3, 2014 and ending September 16, 2014, and (ii) the pay period commencing September 17, 2014 and ending September 30, 2014. The aggregate amount of the bi-weekly payroll is approximately Thirty Thousand and 00/100 Dollars ($30,000.00).

6. The Employees are to be paid on September 23, 2014 for the pay period commencing on September 3, 2014 and ending on September 16, 2014. The Employees are to be paid on October 7, 2014 for the pay period commencing on September 17, 2014 and ending on September 30, 2014. In order to timely pay the Employees, the Debtor would transfer funds to its DIP payroll account and to its payroll company (Flex-Pay Business Services) no later than September 23, 2014 for payment on September 23, 2014.

7. Attendant to the payment of employee wages and salaries are the Debtor's obligations to pay federal, state, and in some instances, municipal withholding taxes. In addition, the Debtor is required to pay employer's portion of social security contributions and federal unemployment taxes.

8. The Debtor submits that with respect to that portion of the payroll obligations that constitute "Trust Fund" taxes, the payment of such taxes will not prejudice other creditors of the Debtor's estates because (a) the monies payable for Trust Fund taxes are not property of the Debtor's estates, and (b) the relevant taxing authorities would hold a priority claim under §507(a)(8) with respect to such obligations.

---

[1] Three of these employees are seasonal employees and only work from May 1 until September 30 each year.

9. All pre-petition employee wage claims (i) were earned within one hundred eighty (180) days preceding the Petition Date and (ii) fall below the Twelve Thousand Four Hundred Seventy-Five Dollar ($12,475) priority limit prescribed by §507(a)(4) of the Bankruptcy Code.

10. All of the Employees are completely reliant on the timely payment of their wages to cover their monthly living expenses. Failure to allow full payment of these wages and expenses would inflict undue hardship on the Employees.

11. The Debtor requests authority to pay:

    a. all accrued pre-petition employee wages, salaries and other related items when due based upon the pay date for such employee;

    b. all federal, state and, if applicable, municipal withholding taxes; and

    c. all employer related federal and state social security contributions and payroll taxes.

*Medical and Dental Plans*

12. The Employees have the right to participate in the Debtor's medical plan for health coverage. The plan is administered by Blue Cross Blue Shield of North Carolina ("BCBS"). Pursuant to the plan, the Debtor contributes varying amounts toward each Employee's monthly premium. The balance of the monthly premium, plus any dependent coverage, is paid by the Employee.

13. The Employees have the right to participate in the Debtor's dental insurance plan for dental coverage. The dental plan is administered by Guardian ("Guardian"). Pursuant to the plan, the Debtor contributes varying amounts to a few Employee's monthly premium. The balance of the monthly premium, plus any dependent coverage, is paid by the Employee.

14. Employee premium charges are withheld from payroll and remitted, together with the employer's premium charge, to BCBS and Guardian on a monthly basis. The failure to remit such amounts will jeopardize the continuation of medical and dental insurance for Employees and seriously disrupt the Debtor's efforts to stabilize and reorganize the business.

15. The Debtor requests authorization to remit premiums withheld pre-petition, along with the employer's premium charge that remains unpaid as of the Petition Date, to BCBS and Guardian.

*Outstanding Checks*

16. The Debtor further requests that all applicable banks and other financial institutions be authorized and directed to receive, process, honor and pay any and all checks, drafts, pay cards or transfers made on or from the Debtor's accounts related to Pre-petition Employee Claims whether presented prior to or after the Petition Date, upon receipt of notice of such authorization, provided only that sufficient funds are on deposit in applicable accounts to cover such payments.

WHEREFORE, the Debtor respectfully requests that the Court enter an order:

1. Authorizing the Debtor (i) to pay pre-petition employee claims for wages that accrued, but remain unpaid as of the Petition Date, (ii) to pay and remit all federal, state and, in some instances, municipal withholding taxes, (iii) to make payment of all employer related federal and state social security contributions and payroll taxes, (iv) to pay all costs incident to the payment of pre-petition employee claims, and (v) to make the appropriate employer contribution to the medical and dental insurance plans and forward any withheld Employee contributions to BCBS and Guardian.

2. Authorizing and directing all applicable banks to honor checks, drafts, pay cards, and transfers drawn on the Debtor's accounts related to Pre-petition Employee Claims and Medical and Dental Plans.

3. Providing such other relief as the Court may deem just and proper.

RESPECTFULLY submitted on behalf of the Debtor, this the 19th day of September, 2014.

/s/ Vicki L. Parrott

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
John Paul H. Cournoyer, NCSB #42224
jpc@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

4