**SO ORDERED.**

**SIGNED this 15th day of October, 2014.**



_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE:<br><br>**WOODLAKE PARTNERS, LLC,**<br><br>DEBTOR | **CASE NO. 14-81035**<br>**CHAPTER 11** |
|---|---|
| **INTERIM ORDER GRANTING AUTHORITY TO OBTAIN POST-PETITION FINANCING AND PROVIDING NOTICE OF FURTHER HEARING** ||

THIS MATTER came before the Court after due notice and hearing on October 9, 2014, to consider the Motion for Authority to Obtain Post-Petition Financing (Dkt. No. 41, the "Motion") filed by Woodlake Partners, LLC (the "Debtor") pursuant to § 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure. Present at the hearing were John A. Northen, counsel for the Debtor, and William P. Miller, Bankruptcy Administrator. Richard M. Hutson, II, Chief Restructuring Officer for the Debtor, testified in support of the Motion.

After considering the matters set forth in the Motion, the evidence presented, and the arguments of counsel the Court makes the following findings, conclusions and Orders, as follows:

1. On September 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered. On September 25, 2014, the Court entered an Order (Dkt. No. 29) authorizing the employment and

Post-Petition Financing order #1 2014-10-14.docx        1
Case 14-81035    Doc 53    Filed 10/16/14    Page 1 of 9

appointment of Richard M Hutson, II as the Chief Restructuring Officer. The Debtor continues in possession of its assets and operates its business as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Debtor is in the business of operating a golf course in or near Vass, North Carolina, and in conjunction therewith also sells and manages residential real property, a restaurant, and a pro shop. The Debtor also owns all the member interests in Magnolia at Woodlake, LLC, a North Carolina limited liability company, and Magnolia owns a tract or parcel of land adjacent to the property owned by the Debtor.

4. The Debtor owns certain real property as listed in Schedule A-1 of its Petition, subject to the following liens:

    a. 2014 property taxes owed to the Moore County Tax Collector in the amount of approximately $116,642.

    b. First lien deed of trust securing a promissory note payable to BHF Bank Aktiengesellschaft with an outstanding balance as of the Petition Date of approximately $2,800,000.

    c. Second lien deed of trust securing a promissory note payable to M.M. Warburg & Company with an outstanding balance as of the Petition Date of approximately $2,800,000.

    d. Third lien judgment in favor of Paul Davis and Agnes Gioconda in the amount of approximately $203,130.

    e. Fourth lien judgment in favor of Palmer Course Design Company in the amount of approximately $2,400,000.

    f. Deed of trust securing a promissory note payable to Grover P. Hennings, et al, in the original principal amount of $102,980.98.

5. The Debtor owns certain tangible and intangible personal property as listed in Schedule A-2 of its Petition, consisting of (i) furniture, fixtures and equipment, (ii) Magnolias at Woodlake, LLC, a wholly owned subsidiary, (iii) accounts receivable on account of events, dues from members, and intercompany loans due from The Carolina Golf Development Company,

(iv) vehicles and equipment, and (v) intellectual property. The Debtor asserts that there are no liens upon any of the tangible or intangible personal property.

6. The Debtor has little in the way of cash reserves or working capital and needs post-petition financing to supplement revenues and timely pay the on-going costs of operating, preserving, and protecting the business and property of the estate, as well as to pay any costs of administration. The post-petition financing is necessary to preserve the going-concern value of the business for the benefit of creditors and the estate.

7. The Debtor has been unable to obtain unsecured credit allowable under Section 503(b)(1) as an administrative expense, and seeks authority to obtain post-petition financing from Steiner + Company GmbH & Co KG or its assigns (the "Lender") secured by a first lien on unencumbered assets and a junior lien on encumbered assets in accordance with the Post-petition Financing Agreement attached hereto and incorporated by reference.

Based on the foregoing findings, the Court concludes that an order granting interim relief followed by a hearing at a future date (which may be a final hearing) would not prejudice the rights of creditors in this proceeding, and the use of such funds is necessary to continue operations without interruption and preserve the value of the estate for creditors.

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Motion is granted on an interim basis, and the Debtor is authorized to obtain post-petition financing from the Lender with initial cash advances in an aggregate amount up to but not exceeding $120,000 pending further hearing, upon the terms set forth in this Order and the Financing Agreement. The financing shall be used to fund the Debtor's operating expenses, costs of administration, and other expenses to the extent such expenditures cannot be funded through the use of other property of the estate. The Debtor shall not repay any amounts advanced by the Lender absent further order of this Court after notice and hearing.

2. Pursuant to section 364(c)(2) and 364(c)(3), the Lender shall have a lien on property of the estate that is not otherwise subject to a lien and a junior lien on property of the estate that is subject to a lien (collectively, the "Post-Petition Financing Collateral"); <u>provided however</u>, the Post-Petition Financing Collateral shall not include avoidance actions of the Debtor's estate arising under sections 542, 543, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code (the "Bankruptcy Causes of Action") and all proceeds thereof (other than

proceeds of actions arising under section 549 with respect to transfers of assets that constitute Post-Petition Financing Collateral, which shall remain subject to liens in favor of the Lender).

3. To the extent the Post-Petition Financing Collateral is insufficient to satisfy the Post-Petition Indebtedness, the Lender shall have a super-priority administrative expense claim pursuant to sections 364(c)(1) and 507(b) of the Bankruptcy Code, subject and subordinate to the payment of (a) the fees specified in 28 U.S.C. § 1930, and (b) a carve-out (the "Carve-Out") in an amount not to exceed $50,000.00 for the Debtor's professionals approved by the Court pursuant to sections 327 or 328 of the Bankruptcy Code to the extent such expenditures cannot be funded through the use of other property of the estate; provided however, payment of the super-priority administrative expense claim shall not be made from proceeds of the Bankruptcy Causes of Action.

4. The validity, enforceability, and perfection of the aforesaid post-petition liens on the Post-Petition Financing Collateral shall not depend upon filing, recordation, or any other act required under applicable state or federal law, rule, or regulation. At the request of the Lender, the Debtor is authorized and directed to execute and deliver such loan documents, financing statements or other instruments or documents reasonably considered by the Lender to be necessary or desirable to further evidence the indebtedness and perfection of liens and security interest herein granted, without further notice, hearing, or order.

5. The Debtor will provide to the Lender and the Bankruptcy Administrator, within twenty-five (25) days following the end of each month, such financial reports as are required by the Bankruptcy Administrator, requested by the Lender, or otherwise set forth in the Financing Agreement.

6. The obligation to provide such post-petition financing shall terminate, and the outstanding balance of any such financing advanced shall be due and payable in full upon the earliest of (a) November 30, 2014, in the event that the Final Order shall not have been entered on or before such date, (b) the date of closing of a sale of all or substantially all of the Debtor's assets, (c) the date on which payment of the Obligations is accelerated by the Lender as provided in the Financing Agreement, and (d) March 30, 2015.

7. The terms of this Interim Order shall be binding upon any official committee and any trustee subsequently appointed, including but not limited to a Chapter 7 trustee upon conversion of this case to a case under Chapter 7 of the Bankruptcy Code. To the extent there is

any conflict between the terms of the Financing Agreement and this Order, the terms and conditions of this Order shall control.

8. Notwithstanding the foregoing, the findings, conclusions, or orders set forth herein are made on an interim basis, shall not constitute a final decision on any legal or factual issue, and are without prejudice to the right of any party to raise, contest, or seek the same or different outcome at any subsequent hearing; <u>provided however</u>, that based on the findings set forth in this Interim Order and the reliance of the Lender in good faith on the terms thereof, (i) if any of the provisions of this Interim Order are hereafter modified, vacated or stayed by an order of this Court or another court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, security interest or priority authorized for the benefit of the Lender that is granted or attaches prior to the effective date of such stay, modification or vacation, and (ii) any financing provided by the Lender to the Debtor pursuant to this Interim Order prior to the effective date of such modification, stay or vacation shall be governed in all respects by the original provisions of this Interim Order. Upon the entry of and effect of any stay, modification or vacation of this Interim Order, the Debtor's ability to obtain post-petition financing hereunder shall be deemed immediately terminated without further order of the Court.

9. A further hearing (which may be a final hearing) on this Motion will be held at 10:00 o'clock a.m. on November 13, 2014, in the U.S. Bankruptcy Court, 2nd Floor Courtroom, 302 East Pettigrew Street, Durham, NC at which time the Court will further consider the Motion for Authority to Obtain Post-Petition Financing.

10. Debtor's counsel (i) shall serve within five (5) days a copy of this Order upon the Bankruptcy Administrator, the creditors asserting a lien on any property of the estate or an interest in cash collateral, all taxing authorities, any party filing a request for notice and service of pleadings, and the creditors holding the 20 largest unsecured claims, and (ii) shall file a certificate of such service with the Clerk.

[end of document]

# Woodlake Partners, Limited Partnership
## Operating Budget
### October through December 2014

|  | Oct 14 | Nov 14 | Dec 14 | TOTAL |
|---|---:|---:|---:|---:|
| **Ordinary Income/Expense** | | | | |
| **Income** | | | | |
| 40011 · Administrative Income | 3,800.00 | 3,800.00 | 3,800.00 | 11,400.00 |
| 40001 · Membership Fees | 103,000.00 | 103,000.00 | 103,000.00 | 309,000.00 |
| 40002 · Green Fees | 3,800.00 | 3,800.00 | 3,800.00 | 11,400.00 |
| 40003 · Cart Fees | 700.00 | 700.00 | 700.00 | 2,100.00 |
| 40004 · Pro Shop Merchandise | 200.00 | 200.00 | 200.00 | 600.00 |
| 40005 · Range Income | 100.00 | 100.00 | 100.00 | 300.00 |
| 40100 · Food Income | 7,900.00 | 4,400.00 | 4,500.00 | 16,800.00 |
| 40200 · Beverage Income | | | | |
|    40201 · Liquor Income | 1,000.00 | 750.00 | 750.00 | 2,500.00 |
|    40202 · Wine Income | 1,000.00 | 750.00 | 750.00 | 2,500.00 |
|    40203 · Beer Income | 900.00 | 800.00 | 800.00 | 2,500.00 |
|    40204 · Nonalcoholic Beverage Income | 300.00 | 200.00 | 200.00 | 700.00 |
| Total 40200 · Beverage Income | 3,200.00 | 2,500.00 | 2,500.00 | 8,200.00 |
| 42000 · NC Sales Tax Paid | -920.00 | -450.00 | -450.00 | -1,820.00 |
| **Total Income** | 121,780.00 | 118,050.00 | 118,150.00 | 357,980.00 |
| **Cost of Goods Sold** | | | | |
| 49000 · Cost of Goods Sold | | | | |
|    49300 · Pro Shop Purchases | 400.00 | 100.00 | 100.00 | 600.00 |
|    49800 · Merchant Account Fees | 500.00 | 400.00 | 400.00 | 1,300.00 |
|    49200 · Food Purchases | 3,160.00 | 1,760.00 | 1,575.00 | 6,495.00 |
|    49100 · Bar Purchases | | | | |
|       49101 · Liquor Purchases | 975.00 | 600.00 | 500.00 | 2,075.00 |
|       49102 · Wine Purchases | 975.00 | 500.00 | 500.00 | 1,975.00 |
|       49103 · Beer Purchases | 450.00 | 400.00 | 400.00 | 1,250.00 |
|       49104 · Nonalcoholic Bev Purchases | 250.00 | 175.00 | 175.00 | 600.00 |
|    Total 49100 · Bar Purchases | 2,650.00 | 1,675.00 | 1,575.00 | 5,900.00 |
| Total 49000 · Cost of Goods Sold | 6,710.00 | 3,935.00 | 3,650.00 | 14,295.00 |
| **Total COGS** | 6,710.00 | 3,935.00 | 3,650.00 | 14,295.00 |
| **Gross Profit** | 115,070.00 | 114,115.00 | 114,500.00 | 343,685.00 |
| **Expense** | | | | |
| 60270 · Housekeeping Supplies | 100.00 | 100.00 | 100.00 | 300.00 |
| 60165 · Agricredit | 5,252.13 | 5,252.13 | 5,252.13 | 15,756.39 |
| 61190 · Shore Villa Expenses | 420.00 | 0.00 | 0.00 | 420.00 |
| 60185 · Commissions Paid | 0.00 | 0.00 | 0.00 | 0.00 |
| 50900 · Payroll Processing Fees | 200.00 | 200.00 | 200.00 | 600.00 |

# Woodlake Partners, Limited Partnership
## Operating Budget
### October through December 2014

| | Oct 14 | Nov 14 | Dec 14 | TOTAL |
|---|---:|---:|---:|---:|
| **50000 · Salaries & Wages Expense** | | | | |
|   **50010 · Dept Golf** | | | | |
|     50011 · Dept Golf Hourly | 5,000.00 | 5,000.00 | 5,000.00 | 15,000.00 |
|   **Total 50010 · Dept Golf** | 5,000.00 | 5,000.00 | 5,000.00 | 15,000.00 |
|   **50020 · Dept Course Maint.** | | | | |
|     50022 · Dept Course Maint. Hourly | 9,000.00 | 9,000.00 | 9,000.00 | 27,000.00 |
|     50021 · Dept Course Maint. Salary | 4,300.00 | 4,300.00 | 4,300.00 | 12,900.00 |
|   **Total 50020 · Dept Course Maint.** | 13,300.00 | 13,300.00 | 13,300.00 | 39,900.00 |
|   **50030 · Dept Food & Beverage** | 8,000.00 | 9,000.00 | 10,000.00 | 27,000.00 |
|   **50050 · Dept Maint. & Housekeeping** | | | | |
|     50052 · Dept Mtn & Housekeep Hourly | 1,100.00 | 1,100.00 | 1,000.00 | 3,200.00 |
|   **Total 50050 · Dept Maint. & Housekeeping** | 1,100.00 | 1,100.00 | 1,000.00 | 3,200.00 |
|   **50060 · Dept Gen & Admin** | | | | |
|     50062 · Dept Gen & Admin Hourly | 2,800.00 | 2,800.00 | 2,800.00 | 8,400.00 |
|     50061 · Dept Gen & Admin Salary | 6,200.00 | 6,200.00 | 6,200.00 | 18,600.00 |
|   **Total 50060 · Dept Gen & Admin** | 9,000.00 | 9,000.00 | 9,000.00 | 27,000.00 |
|   **50090 · Dept Real Estate** | | | | |
|     50092 · Dept Real Estate Hourly | 3,000.00 | 3,000.00 | 3,000.00 | 9,000.00 |
|   **Total 50090 · Dept Real Estate** | 3,000.00 | 3,000.00 | 3,000.00 | 9,000.00 |
| **Total 50000 · Salaries & Wages Expense** | 39,400.00 | 40,400.00 | 41,300.00 | 121,100.00 |
| **60000 · Advertising and Promotion** | 2,000.00 | 2,000.00 | 2,000.00 | 6,000.00 |
| **60100 · Automobile Expense** | | | | |
|   60101 · Fuel-Retail | 0.00 | 0.00 | 0.00 | 0.00 |
|   60102 · Repairs & Maintenance | 811.49 | 0.00 | 0.00 | 811.49 |
| **Total 60100 · Automobile Expense** | 811.49 | 0.00 | 0.00 | 811.49 |
| **60150 · Bank Service Charges** | 500.00 | 500.00 | 500.00 | 1,500.00 |
| **60190 · Computer and Internet Expenses** | 800.00 | 800.00 | 800.00 | 2,400.00 |
| **60200 · Contract Services** | 0.00 | 0.00 | 0.00 | 0.00 |
| **60230 · Dues and Subscriptions** | 800.00 | 800.00 | 800.00 | 2,400.00 |
| **60240 · Employee Benefit Expenses** | 400.00 | 400.00 | 400.00 | 1,200.00 |
| **60250 · Equipment Rental** | 400.00 | 400.00 | 400.00 | 1,200.00 |
| **60260 · Fuel Purchases Wholesale** | 3,500.00 | 3,500.00 | 3,500.00 | 10,500.00 |
| **60300 · Insurance Expense** | | | | |
|   60310 · General Liability Insurance | 6,853.26 | 2,390.00 | 2,390.00 | 11,633.26 |
|   60320 · Health Insurance | 4,010.00 | 4,010.00 | 4,010.00 | 12,030.00 |
|   60360 · Worker's Compensation | 1,000.00 | 1,000.00 | 1,000.00 | 3,000.00 |
|   60300 · Insurance Expense - Other | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total 60300 · Insurance Expense** | 11,863.26 | 7,400.00 | 7,400.00 | 26,663.26 |
| **60500 · Licenses & Permits** | 0.00 | 0.00 | 0.00 | 0.00 |

# Woodlake Partners, Limited Partnership
## Operating Budget
### October through December 2014

|  | Oct 14 | Nov 14 | Dec 14 | TOTAL |
|---|---:|---:|---:|---:|
| 60550 · Linen Expense | 1,200.00 | 1,200.00 | 1,200.00 | 3,600.00 |
| 60650 · Miscellaneous Expense | 1,000.00 | 1,000.00 | 1,000.00 | 3,000.00 |
| 60700 · Music and Entertainment | 200.00 | 200.00 | 200.00 | 600.00 |
| 60750 · Office Supplies & Expenses | 900.00 | 300.00 | 300.00 | 1,500.00 |
| 60800 · Payroll Tax Expense | 10,000.00 | 10,000.00 | 10,000.00 | 30,000.00 |
| 60850 · Postage and Delivery | 450.00 | 450.00 | 450.00 | 1,350.00 |
| 60950 · Professional Fees |  |  |  |  |
|    60951 · Accounting Services | 1,200.00 | 1,200.00 | 1,200.00 | 3,600.00 |
|    60952 · Legal Fees | 650.00 |  | 20,000.00 | 20,650.00 |
| Total 60950 · Professional Fees | 1,850.00 | 1,200.00 | 21,200.00 | 24,250.00 |
| 61100 · Repairs and Maintenance |  |  |  |  |
|    61120 · Pool Maintenance | 800.00 | 0.00 | 0.00 | 800.00 |
|    61150 · Course Equipment Repairs | 2,200.00 | 2,200.00 | 2,200.00 | 6,600.00 |
|    61160 · Buildings Maintenance & Repairs | 3,000.00 | 2,000.00 | 2,000.00 | 7,000.00 |
|    61170 · Grounds Maintenance & Repairs | 3,000.00 | 3,500.00 | 3,000.00 | 9,500.00 |
| Total 61100 · Repairs and Maintenance | 9,000.00 | 7,700.00 | 7,200.00 | 23,900.00 |
| 61250 · Supplies & Materials |  |  |  |  |
|    61270 · Supplies & Materials-Course Mtn | 9,849.00 | 2,500.00 | 2,500.00 | 14,849.00 |
|    61280 · Supplies & Materials-Clubhouse | 750.00 | 750.00 | 750.00 | 2,250.00 |
|    61290 · Restaurant Supplies | 500.00 | 500.00 | 500.00 | 1,500.00 |
|    61250 · Supplies & Materials - Other | 100.00 | 100.00 | 100.00 | 300.00 |
| Total 61250 · Supplies & Materials | 11,199.00 | 3,850.00 | 3,850.00 | 18,899.00 |
| 61300 · Taxes - Property | 0.00 | 0.00 | 0.00 | 0.00 |
| 61350 · Telephone Expense | 4,728.00 | 4,728.00 | 4,728.00 | 14,184.00 |
| 61450 · Trash Services | 1,000.00 | 1,000.00 | 1,000.00 | 3,000.00 |
| 61600 · Utilities |  |  |  |  |
|    61610 · Electricity | 6,370.00 | 6,370.00 | 6,370.00 | 19,110.00 |
|    61611 · Water | 1,850.00 | 1,850.00 | 1,850.00 | 5,550.00 |
|    61613 · Cable | 600.00 | 600.00 | 600.00 | 1,800.00 |
|    61614 · Security System | 400.00 | 400.00 | 400.00 | 1,200.00 |
|    61616 · Propane | 600.00 | 600.00 | 600.00 | 1,800.00 |
|    616′ Deposits | 27,450.00 |  |  |  |
| Total 61600 · Utilities | 37,270.00 | 9,820.00 | 9,820.00 | 56,910.00 |
| 64000 · Other Expense |  |  |  |  |
|  | 0.00 | 0.00 | 0.00 | 0.00 |
| Total 64000 · Loan Payments | 0.00 | 0.00 | 0.00 | 0.00 |
| **Total Expense** | 145,243.88 | 103,200.13 | 123,600.13 | 372,044.14 |
| **Net Ordinary Income** | -30,173.88 | 10,914.87 | -9,100.13 | -28,359.14 |

# Woodlake Partners, Limited Partnership
## Operating Budget
### October through December 2014

|  | Oct 14 | Nov 14 | Dec 14 | TOTAL |
|---|---|---|---|---|
| **Cash Summary - October 8, 2014** | | | | |
|  | 10/1-10/31 | 11/1-11/30 | 12/1-12/31 | |
| **Beginning Cash Balance** | $ 3,956.88 | $ 33,783.00 | $ 104,047.87 | |
| **Plus Income** | $ 121,780.00 | $ 118,050.00 | $ 118,150.00 | |
| **Plus loan advances** | $ 60,000.00 | $ 60,000.00 | $ - | |
| **Less COGS** | $ (6,710.00) | $ (3,935.00) | $ (3,650.00) | |
| **Less Expenses** | $ (145,243.88) | $ (103,850.13) | $ (105,600.13) | |
| **Ending Cash Balance** | $ 33,783.00 | $ 104,047.87 | $ 112,947.74 | |