SO ORDERED.

SIGNED this 23rd day of December, 2014 

_____
LENA MANSORI JAMES
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| IN RE:<br><br>WOODLAKE PARTNERS, LLC,<br><br>DEBTOR | CASE NO. 14-81035<br>CHAPTER 11 |
|---|---|
| THIRD INTERIM ORDER GRANTING AUTHORITY TO OBTAIN POST-PETITION FINANCING | |

THIS MATTER came before the Court after due notice and hearing on December 23, 2014, to further consider the Motion for Authority to Obtain Post-Petition Financing (Dkt. No. 41, the "Motion") filed by Woodlake Partners, LLC (the "Debtor") pursuant to § 364 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

Present at the hearing were John A. Northen, counsel for the Debtor, and William P. Miller, Bankruptcy Administrator. No objections were filed or raised at the hearing with respect to the Motion.

After considering the matters set forth in the Motion, the evidence proffered without objection, and the arguments of counsel the Court makes the following findings, conclusions and Orders, as follows:

1.  On September 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code and an Order for relief was entered. On September 25, 2014, the Court entered an Order (Dkt. No. 29) authorizing the employment and

appointment of Richard M Hutson, II as the Chief Restructuring Officer. The Debtor continues in possession of its assets and operates its business as a debtor-in-possession. No committee of unsecured creditors has been formed.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2). Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3. The Debtor is in the business of operating a golf course in or near Vass, North Carolina, and in conjunction therewith also sells and manages residential real property, a restaurant, and a pro shop. The Debtor also owns all the member interests in Magnolia at Woodlake, LLC, a North Carolina limited liability company, and Magnolia owns a tract or parcel of land adjacent to the property owned by the Debtor.

4. The Debtor owns certain real property as listed in Schedule A-1 of its Petition, subject to the following liens:

    a. 2014 property taxes owed to the Moore County Tax Collector.
    b. Deed of trust securing a promissory note payable to BHF Bank Aktiengesellschaft.
    c. Deed of trust securing a promissory note payable to M.M. Warburg & Company.
    d. Judgment in favor of Paul Davis and Agnes Gioconda.
    e. Judgment in favor of Palmer Course Design Company.
    f. Deed of trust securing a promissory note payable to Grover P. Hennings, et al.
    g. Deeds of trust securing promissory notes payable to First Bank, assigned to Violet Portfolio, LLC.

5. The Debtor owns certain tangible and intangible personal property as listed in Schedule A-2 of its Petition, consisting of (i) furniture, fixtures and equipment, (ii) Magnolias at Woodlake, LLC, a wholly owned subsidiary, (iii) accounts receivable on account of events, dues from members, and intercompany loans due from The Carolina Golf Development Company, (iv) vehicles and equipment, and (v) intellectual property. The Debtor asserts that there are no liens upon any of the tangible or intangible personal property.

6. The Debtor has little in the way of cash reserves or working capital and needs post-petition financing to supplement revenues and timely pay the on-going costs of operating, preserving, and protecting the business and property of the estate, as well as to pay any costs of

administration.  The post-petition financing is necessary to preserve the going-concern value of the business for the benefit of creditors and the estate.

7. The Debtor has been unable to obtain unsecured credit allowable under Section 503(b)(1) as an administrative expense, and in the Motion the Debtor has sought authority to obtain post-petition financing from Steiner + Company GmbH & Co KG or its assigns (the "Lender") secured by a first lien on unencumbered assets and a junior lien on encumbered assets in accordance with the Post-petition Financing Agreement attached thereto and incorporated by reference.

8. The Court has previously entered interim orders granting authority to obtain post-petition financing and providing notice of further hearings (Dkt. No. 53, the "First Interim Order" and Dkt. No. 74, the "Second Interim Order" and collectively, the "Prior Orders"), the findings of which are incorporated herein by reference.

Based on the foregoing findings, the Court concludes that a third interim order granting the requested relief would not prejudice the rights of creditors in this proceeding, and the use of such funds is necessary to continue operations without interruption and preserve the value of the estate for creditors.

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Motion is granted and the Debtor is authorized to obtain post-petition financing from the Lender in an aggregate amount up to but not exceeding $240,000 pending further Orders of this Court, upon the terms set forth in the Prior Orders, this Order and the Financing Agreement.

2. The financing shall be used to fund the Debtor's operating expenses, costs of administration, and other expenses to the extent such expenditures cannot be funded through the use of other property of the estate. The Debtor shall not repay any amounts advanced by the Lender absent further order of this Court after notice and hearing.

3. Pursuant to section 364(c)(2) and 364(c)(3), the Lender shall have a first priority lien on property of the estate that is not otherwise subject to a lien and a junior lien on property of the estate that is subject to a lien (collectively, the "Post-Petition Financing Collateral"); provided however, the Post-Petition Financing Collateral shall not include avoidance actions of the Debtor's estate arising under sections 542, 543, 544, 545, 547, 548, 549, 550, and 553 of the Bankruptcy Code (the "Bankruptcy Causes of Action") and all proceeds thereof (other than

proceeds of actions arising under section 549 with respect to transfers of assets that constitute Post-Petition Financing Collateral, which shall remain subject to liens in favor of the Lender).

4. To the extent the Post-Petition Financing Collateral is insufficient to satisfy the Post-Petition Indebtedness, the Lender shall have a super-priority administrative expense claim pursuant to sections 364(c)(1) and 507(b) of the Bankruptcy Code, subject and subordinate to the payment of the Permitted Trailing Expenses; <u>provided however</u>, payment of the super-priority administrative expense claim shall not be made from proceeds of Bankruptcy Causes of Action.

5. As used herein, the term "Permitted Trailing Expenses" shall mean, on the Termination Date, the following expenses to the extent incurred post-petition and prior to such Termination Date but in the aggregate amount not to exceed one hundred fifteen percent (115%) of the aggregate expenditures as set forth in the Budget approved by the Lender or by the Court after further notice and hearing, through such Termination Date:

    a. The costs of operating and preserving the estate.

    b. Quarterly fees pursuant to 28 U.S.C. § 1930(a)(7).

    c. A carve-out (the "Carve-Out") in an amount not to exceed $50,000.00 for the Debtor's professionals approved by the Court pursuant to sections 327 or 328 of the Bankruptcy Code to the extent such expenditures cannot be funded through the use of other property of the estate

6. The validity, enforceability, and perfection of the aforesaid post-petition liens on the Post-Petition Financing Collateral shall not depend upon filing, recordation, or any other act required under applicable state or federal law, rule, or regulation. At the request of the Lender, the Debtor is authorized and directed to execute and deliver such loan documents, financing statements or other instruments or documents reasonably considered by the Lender to be necessary or desirable to further evidence the indebtedness and perfection of liens and security interest herein granted, without further notice, hearing, or order.

7. The Debtor will provide to the Lender and the Bankruptcy Administrator, within twenty-five (25) days following the end of each month, such financial reports as are required by the Bankruptcy Administrator, requested by the Lender, or otherwise set forth in the Financing Agreement.

8. Unless otherwise extended with the consent of the Lender or by further Order of the Court after notice and hearing, the outstanding balance of any such financing advanced shall

be due and payable in full upon the earliest of (a) the date of closing of a sale of all or substantially all of the Debtor's assets, (b) the effective date of any confirmed plan of reorganization, (c) the date on which payment of the Obligations is accelerated by the Lender as provided in the Financing Agreement, and (d) March 30, 2015.

9. The terms of this Order shall be binding upon any official committee and any trustee subsequently appointed, including but not limited to a Chapter 7 trustee upon conversion of this case to a case under Chapter 7 of the Bankruptcy Code. To the extent there is any conflict between the terms of the Financing Agreement and this Order, the terms and conditions of this Order shall control.

10. A further hearing (which may be a final hearing) on this Motion will be held at <u>10:00 o'clock a.m. on February 26, 2015</u>, in the U.S. Bankruptcy Court, 2nd Floor Courtroom, 302 East Pettigrew Street, Durham, NC at which time the Court will further consider the Motion for Authority to Obtain Post-Petition Financing.

11. Debtor's counsel (i) shall serve within five (5) days a copy of this Order upon the Bankruptcy Administrator, the creditors asserting a lien on any property of the estate or an interest in cash collateral, all taxing authorities, any party filing a request for notice and service of pleadings, and the creditors holding the 20 largest unsecured claims, and (ii) shall file a certificate of such service with the Clerk.

[end of document]

Post-Petition Financing order #3 2014-12-23.docx    5

Case 14-81035    Doc 89    Filed 12/24/14    Page 5 of 5