# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

IN RE:

| | |
|---|---|
| WOODLAKE PARTNERS, LLC | CASE NO. 14-81035 |
| DEBTOR. | CHAPTER 11 |

## OBJECTION TO DISCLOSURE STATEMENT AND CHAPTER 11 PLAN

**NOW COMES** Agricredit Acceptance LLC ("Agricredit"), by and through the undersigned counsel, and pursuant to Rules 3012, 3015(f) and 9014 of the Federal Rules of Bankruptcy Procedure and Sections 506, 1125, 1128 and 1129 of the United States Bankruptcy Code: (1) objects to the proposed treatment of Agricredit's claim; (2) objects to the proposed assumption of the lease by the debtor and subsequent assignment of the Agricredit lease to a third party; (3) objects to approval of the disclosure statement; and (4) objects to confirmation of the Debtor's Chapter 11 Plan. In support thereof, Agricredit shows the Court the following:

1) The debtor filed its bankruptcy petition pursuant to Chapter 11 of the United States Bankruptcy Code with the Middle District of North Carolina on or about September 19, 2014.

2. Agricredit is a lease creditor of the debtor, is a member of an impaired class and has standing to object to the Disclosure Statement and Plan of Reorganization as such. Agricredit does not accept the Plan and objects to the debtor's proposed assumption of the lease.

1

3. Agricredit is the holder of secured proof of claim in the amount of $268,454.18. Objection has not been made to the claim, nor has it been struck or modified by order of the Court.

4. The deadline to object to this plan is March 10, 2015 and this objection is timely made.

5. The debt owed to Agricredit arises out of a lease agreement for the lease of 72 electric golf carts and three gas utility cars. The lease provides an end of term purchase option and provides in pertinent part that the debtor may not assign the lease or any rights thereunder without Agricredit's prior written consent.

6. Agricredit previously filed a motion to require the debtor to assume or reject its lease {Docket No. 63]. The court denied the motion noting that [a]ssumption of rejection of the Lease is a decision best deferred until the Court has before it a proposed plan of reorganization, a sale motion accompanied by a motion to assume or rejected executory contracts, or a motion to convert or dismiss the case." [Docket No. 78].

6. The Plan is a plan of liquidation. It classifies Agricredit's claim as an unsecured claim under Class 11 of the Plan and attempts to wrap the Agricredit lease into the sale of the BHF Collateral. Specifically as to Agricredit, the plan proposes that the bidders at the sale of the BHF Collateral must "agree to the Debtor assuming and assigning to the purchaser at closing the executory contract or lease between the Debtor and Agricredit Acceptance, LLC." The plan further provides that the

Debtor shall be responsible for "payment of all post-petition obligations *and the purchaser shall be responsible for payment of all cure costs and providing adequate assurance of future performance.*" (emphasis supplied).

7. Agricredit does not consent to the assignment of its lease with the debtor to a third party and objects to the debtor's proposed assumption of the lease.

8. Agricredit objects to the Disclosure Statement of the debtor because it fails to provide information sufficient to enable it to make an informed decision concerning the Plan. 11 U.S.C. §1125. More specifically:

    a. The Disclosure Statement does not set forth a time table for the closing of any sale of the debtors' real property;

    b. The Disclosure Statement does not disclose the mechanism by which "adequate assurance" will be provided to Agricredit or measured by Agricredit;

    c. The Disclosure Statement does not disclose the proposed assignee of the lease or the "adequate assurances" of future performance that will be provided to Agricredit;

    d. The Disclosure Statement does not provide an explanation as to the necessity of Agricredit's leased equipment to the liquidation of the BHF Collateral; and

    e. The Disclosure Statement does not provide a liquidation analysis.

9. For the reasons set forth above, Agricredit objects to the Disclosure Statement because the Disclosure Statement fails to provide "adequate information" pursuant to 11 U.S.C. §1125(a)(1).

10. Agricredit further objects to confirmation to the extent:

a. The plan as proposed does not provide for payment to Agricredit equal to the value of its claims. 11 U.S.C. § 1129(a)(7)(B);

b. The plan as proposed allows for an assumption of the debtor's obligations under the lease and an immediate assignment of the lease to a third party purchaser of the BHF Collateral *without the consent* of Agricredit in contravention of the terms of the lease;

c. The proposed treatment of Agricredit's claim attempts to circumvent the debtor's obligations under 11 U.S.C. §365(b), to wit, the debtor's obligation to cure or provide adequate assurances that it will promptly cure its default under the lease, including Agricredit's reasonable attorney's fees and costs;

d. The plan proposes to allow assumption of the lease without requiring the debtor to cure its default;

e. The plan does not provide for payment of the full amount of Agricredit's claims, including its attorney's fees and post petition interest pursuant to 11 U.S.C. §506;

f. The plan as proposed does not provide for a fair and equitable treatment of Agricredit's claim. 11 U.S.C. §§1129(b)(1) and (b)(2)(A)(ii);

g. Agricredit's leased equipment is not necessary to the liquidation of the debtor;

h. The plan as proposed does not provide Agricredit with adequate assurances of future performance under the lease;

i. The plan as proposed does not provide for payment of the value of Agricredit's leased equipment; and

j. Agricredit does not consent to the assignment of its lease.

11. Agricredit specifically reserves its rights to raise additional objections at the confirmation hearing and requests that the Debtor be compelled to reject the lease.

**WHEREFORE,** Agricredit requests that:

1. The Court address the issues set forth in this Objection at the hearing set for confirmation of the plan on March 19, 2015;

2. The Court deny approval of the Disclosure Statement;

3. The Court deny confirmation of the Plan;

4. An Order be entered rejecting the Agricredit Lease and Agricredit be allowed to file an application for administrative expense for all post rejection expenses; and

5. The Court order such other and further relief as may be appropriate.

This the 6th day of March, 2015.

/s/ Caren D. Enloe
Caren D. Enloe
NC State Bar No. 17394
cenloe@smithdebnamlaw.com
of SMITH DEBNAM NARRON DRAKE SAINTSING &
MYERS, LLP
Post Office Box 26268
Raleigh NC 27611
Telephone: (919) 250-2000
Counsel for Agricredit Acceptance LLC

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:            Case No. 14-81035

**WOODLAKE PARTNERS, LLC,**

    Debtor.            CHAPTER 11

### CERTIFICATE OF SERVICE

I, Caren D. Enloe, of Morris, Manning & Martin, LLP, state under penalty of perjury:

That I am, and at all times hereinafter-mentioned was, more than eighteen (18) years of age; and

That on the 6th day of March, 2015, I served copies of the foregoing **Objection to Disclosure Statement and Confirmation of Chapter 11 Plan** upon the following by mailing a copy thereof, postage prepaid:

Woodlake Partners, LLC
Attention: Julie Watson, Manager
PO Box 648
Vass NC 28394

and by electronic mail via CM/ECF filing to the following:

| | |
|---|---|
| John A. Northen | William P. Miller |
| Vicki L. Parrott | Bankruptcy Administrator |
| PO Box 2208 | PO Box 1828 |
| Chapel Hill NC 27514-2208 | Greensboro NC 27402 |
| *Counsel for the Debtor* | |

This the 6th day of March, 2015.

                     /s/ Caren D. Enloe
                     Caren D. Enloe