# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# DURHAM DIVISION

| IN RE: <br><br> WOODLAKE PARTNERS, LLC, <br><br> DEBTOR | CASE NO. 14 – 81035 <br> CHAPTER 11 |
|---|---|
| FIRST AMENDMENT TO PLAN OF LIQUIDATION ||

Woodlake Partners, LLC (the "Debtor"), pursuant to Section 1127 of the Bankruptcy Code and Section 11.1 of the Plan of Liquidation, as follows:

1. The Bidding Procedures referred to in the Plan and attached to the Disclosure Statement are amended and restated as set forth on the attached **Exhibit A**, and incorporated into the Plan by reference.

2. Section 7.3.1 is amended and restated as follows: The High Bidder for the BHF Collateral may designate executory contracts or unexpired leases (including but not limited to the existing Master Lease with Agricredit Acceptance, LLC) which the High Bidder wishes to have assumed by the Debtor and assigned to the High Bidder at closing, subject to Court approval. With respect to any such contract or lease so designated, if approved by the Court, the Debtor shall be responsible for curing any default or compensating for any pecuniary loss to the extent required by Section 365 of the Bankruptcy Code, and the High Bidder shall be responsible for providing adequate assurance of future performance. In the event a contract or lease is so designated by the High Bidder but the Court does not approve the assumption and assignment thereof in the Sale Approval Order, the contract or lease shall be deemed rejected and such rejection shall not be grounds for the High Bidder to modify or rescind its Bid.

Dated: March 16, 2015

/s/ Richard M. Hutson, II

Chief Restructuring Officer
hutson@hhplaw.com
Hutson Law Office
PO Drawer 2252-A
Durham, NC  27702
Telephone: 919-683-1561

/s/John A. Northen

Counsel for the Debtor:
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441

**Exhibit A to Plan Amendment: Amended and Restated Bid Procedures**

## WOODLAKE PARTNERS BIDDING PROCEDURES

**SELLER:** Woodlake Partners, LLC, under the direction of Richard M. Hutson, II, Chief Restructuring Officer.

**AUCTIONEER:** Hilco Real Estate Auctions, LLC.

**AUCTION FORMAT**: All bidding is open and public. To bid during the auction, you need only raise your hand, shout out your bid or instruct an auctioneer's bidder assistant to call out your bid for you. Live Online/Webcast bidding will also be made available for bidders who are unable to be present in person. Please call our Auction Information Line at 855-755-2300 or email info@hilcoreal.com for further instructions.

**AUCTION DATE/LOCATION**: The auction shall be held on March 26, 2015. Registration will begin at 11:00 a.m. and the auction will start at noon. The auction shall take place at Woodlake Country Club, 150 Woodlake Boulevard, Vass, NC 28394.

**ASSETS AVAILABLE**: The assets to be sold include all or substantially all the assets of Woodlake Partners, LLC (collectively, the "Assets");

1. BHF Collateral: The real and personal property (including furniture, fixtures, inventory and equipment) known and generally described as Woodlake Country Club, consisting of all or substantially all of the Debtor's Assets, excluding (i) Lot 509, Section 5, Woodlake Country Club, to be conveyed in satisfaction of the Class 2 Secured Claim of Paul Davis and Agnes Gioconda, (ii) the Danker Collateral, (iii) the Hennings Collateral, (iv) the Violet Collateral, (v) the Violet Alpha Collateral, (vi) the Magnolia Interests and (v) all cash on deposit, accounts receivable, and causes of action of Woodlake Partners, LLC

2. Danker Collateral: Unit 244, Shore Villas, Phase I, Woodlake Country Club.

3. Hennings Collateral: That certain 31.01 acre tract as shown on plat recorded in Plat Cabinet 11, Slide 900, Moore County Registry and more particularly described in deed recorded in Book 2880, Page 66, Moore County Registry.

4. Violet Collateral: That certain parcel consisting of 1.35 acres and home located at 929 McLaughlin Road, Vass, NC (Moore Co. Parcel No. 00992402).

5. Violet Alpha Collateral: Those certain parcels consisting of Lot 41, Lot 42, 1.08 acres, and 0.65 acres (Moore Co. Parcels Nos. 00042546, 00042547, 00042040, and 97001012).

6. Magnolia Interests: All the member interests in Magnolia at Woodlake, LLC, a wholly owned subsidiary of the Debtor, which in turn owns that certain 21.61 acre tract as shown on plat recorded in Plat Cabinet 11, Slide 501, Moore County Registry and more particularly described in deed recorded in Book 2568, Page 86, Moore County Registry, subject to Moore County ad

valorem taxes and the deed of trust recorded in Book 2568, Page 91, Moore County Registry, securing a Future Advance Promissory Note in favor of Mel Danker, his successors or assigns.

**BID DEPOSIT REQUIRED:** In order to bid at the auction a prospective bidder must deposit by wire transfer or bank check to Richard M. Hutson, II, as Escrow Agent (a) $100,000 in order to bid on the BHF Collateral, and (b) $10,000 in order to bid on any or all of the other assets; provided however, no deposit shall be required of a credit-bidder. If you are not the winning bidder or the back-up bidder for one of the assets, your bid deposit will be returned to you. Only qualified bidders may attend the auction.

**DOCUMENTS AVAILABLE:** A Property Information Packet (PIP) available online in our Virtual Deal Room has been assembled and includes the Asset Purchase Agreement for each Asset listed above, detailed property information and other applicable information. To gain access to the virtual deal room you will need to fill out an Order Form, along with a confidentiality agreement and email it to info@hilcoreal.com. Seller, Seller's Broker and Auctioneer shall not be liable for any inaccuracy contained in any reports furnished to buyers originating from any other source.

**ATTORNEY REVIEW:** All information contained in the auction-related marketing material should be carefully reviewed by an attorney prior to the auction and is subject to and may be superseded by the Asset Purchase Agreement for signature at the auction.

**BUYER'S PREMIUM:** With respect to each Asset, Purchasers shall also pay a Buyer's Premium equal to eight percent (8%) of the High Bid; provided however Purchasers submitting a Credit Bid shall pay a Buyer's Premium equal to two percent (2%) of the High Bid. The Buyer's Premium shall be added to the High Bid and the sum will be the Total Purchase Price in the Asset Purchase Agreement.

**REQUIREMENTS OF HIGH BIDDER:** With respect to each Asset, the party submitting the highest and best bid (the "High Bidder") will be required to sign the Asset Purchase Agreement upon the conclusion of bidding acknowledging their Total Purchase Price, and must tender an amount equal to ten percent (10%) of their Total Purchase Price by bank check or wire transfer within three (3) business days following the auction, and must have a representative present at the Sale Approval Hearing on March 31, 2015 in the U.S. Bankruptcy Court, 302 East Pettigrew St., Durham, NC.

**BACK-UP BIDDER:** With respect to each Asset, the party submitting the second highest bid (the "Back-Up Bidder") will be required to sign the Asset Purchase Agreement upon the conclusion of bidding acknowledging their Total Purchase Price, and in the event the High Bidder fails to timely make the 10% deposit required above, the Back-Up Bidder must tender an amount equal to ten percent (10%) of their Total Purchase Price by bank check or wire transfer within three (3) business days following notice that the High Bidder has failed to make the required deposit.

**CREDIT BIDDING**: All of the assets (except the Magnolia Interests) are subject to the credit-bid rights set forth below:

1.      At the Sale of the BHF Collateral, holders of the BHF Secured Claim and the Warburg Secured Claim may exercise their respective Credit Bid Rights, provided that a credit-bid by the holder of the BHF Secured Claim must include a cash component in an amount sufficient to satisfy (i) the amount owed at closing to the DIP Lender pursuant to the DIP Financing Order, (ii) a share of Administrative Expense Claims, as determined by the Court in the Order confirming the sale, (iii) costs of sale directly associated therewith, including but not limited to any seller's commission to a broker, costs of advertising, and other costs directly related to the sale, and (iv) estimated quarterly fees payable to the Bankruptcy Court calculated on the basis of the sale price (excluding buyer's commission to a broker), and pay the Buyer's Premium; and provided further, a credit-bid by the holder of the Warburg Secured Claim must include all of the foregoing and also include cash sufficient to satisfy the BHF Secured Claim.

2.      At the Sale of the Danker Collateral, holders of the Danker Secured Claim may exercise their Credit Bid Rights, provided that a credit-bid by the holder of the Danker Secured Claim must pay the Buyer's Premium and offer cash to the estate in the amount of $5,000 towards payment of (i) a share of Administrative Expense Claims, as determined by the Court, (ii) costs of sale directly associated therewith, including but not limited to any seller's commission to a broker, costs of advertising, and other costs directly related to the sale, and (iii) estimated quarterly fees payable to the Bankruptcy Court calculated on the basis of the sale price (excluding buyer's commission to a broker).

3.      At the Sale of the Hennings Collateral, holders of the Hennings Secured Claim may exercise their Credit Bid Rights, provided that the holder of the Danker Secured Claim must pay the Buyer's Premium and offer cash to the estate in the amount of $5,000 towards payment of (i) a share of Administrative Expense Claims, as determined by the Court, (ii) costs of sale directly associated therewith, including but not limited to any seller's commission to a broker, costs of advertising, and other costs directly related to the sale, and (iii) estimated quarterly fees payable to the Bankruptcy Court calculated on the basis of the sale price (excluding buyer's commission to a broker).

4.      At the Sale of the Violet Collateral, holders of the Danker Secured Claim may exercise their Credit Bid Rights, provided that the holder of the Violet Secured Claim must pay the Buyer's Premium and offer cash to the estate in the amount of $5,000 towards payment of (i) a share of Administrative Expense Claims, as determined by the Court, (ii) costs of sale directly associated therewith, including but not limited to any seller's commission to a broker, costs of advertising, and other costs directly related to the sale, and (iii) estimated quarterly fees payable to the Bankruptcy Court calculated on the basis of the sale price (excluding buyer's commission to a broker).

5.      At the Sale of the Violet Alpha Collateral, holders of the Danker Secured Claim may exercise their Credit Bid Rights, provided that the holder of the Danker Secured Claim must pay the Buyer's Premium and offer cash to the estate in the amount of $5,000 towards payment of (i) a share of Administrative Expense Claims, as determined by the Court, (ii) costs of sale directly associated therewith, including but not limited to any seller's commission to a broker, costs of advertising, and other costs directly related to the sale, and (iii) estimated quarterly fees payable to the Bankruptcy Court calculated on the basis of the sale price (excluding buyer's commission to a broker).

**MAGNOLIA INTERSTS:** The High Bidder on the BHF Collateral shall have the option, which must be exercised if at all prior to the auction of the Magnolia Interests, to purchase the Magnolia Interests for a fixed price of $100,000 to the Debtor, plus a Buyer's Premium of $8,000. If the High Bidder timely exercises such option, the Magnolia Interests shall not be separately auctioned and the High Bidder shall close on the sale of the BHF Collateral and the Magnolia Interests at the same time.

**COURT APPROVAL:** With respect to each Asset, the High Bid or the Back-Up Bid, as applicable, shall be submitted for approval by the Court at a hearing scheduled for March 31, 2015, but in any event no later than thirty (30) days after the date of the auction. The Seller shall promptly file a notice of the High Bid and the Back-Up Bid with respect to each Asset.

**FREE AND CLEAR TRANSFER**: The real property available for auction is being transferred subject to (i) Moore County 2014 and 2015 ad valorem taxes and (ii) 2015 POA dues, if applicable, but otherwise free and clear of all other Liens, Claims, encumbrances and other interests of any kind, with liens to attach to the proceeds. Any real property transfer will be subject to existing easements, right-of-ways, covenants or other existing deed restrictions. The Magnolia Interests will be transferred free and clear of all Liens, Claims, encumbrances and other interests of any kind, but the real and personal property which are assets of Magnolia at Woodlake LLC shall remain subject to existing liens or encumbrances.

**AUCTION PROCEDURES**

**RESERVE OFFERING**: All of the properties are being offered subject to Court approval.

**CLOSING DATE:** The Closing Date shall be within forty-five days after the auction.

**INSPECTION**: Prior to the auction, prospective bidders will be afforded three (3) dates to physically inspect the assets and present additional questions. Each property is being offered for sale "as is" and in its existing condition, subject to (i) Moore County 2014 and 2015 ad valorem taxes and (ii) 2015 POA dues, if applicable. The assets owned by Magnolia at Woodlake, LLC shall be offered subject to all existing liens or encumbrances thereon.

**CONDUCT OF THE AUCTION:** Conduct of the auction and increments of bidding are at the direction and discretion of the Auctioneer. In the event of a dispute between bidders, the Auctioneer shall make the final decision to accept the final bid, to re-offer and re-sell the property, or to remove the property from the auction. If any disputes should arise following the auction, the Auctioneer's records shall be conclusive in all respects.

**SELLER'S AGENT:** Hilco Real Estate Auctions, LLC, its cooperating brokers, and all licensees employed by or associated with Hilco Real Estate Auctions, LLC who are involved with this auction, represent the Seller in this real estate transaction.

**BROKER PARTICIPATION:** A real estate broker licensed in the property's state whose client agrees to broker's representation, whose client attends the on-site Inspection with the broker the first time its client attends an on-site inspection and who complies with these Bidding Procedures shall be entitled to a referral fee of two percent (2%) of the High Bid at auction upon the successful closing by its client. Broker registration of its client will occur at said client's first

on-site inspection or upon auctioneers receipt of a Brokers Buyer Representation letter signed by client and a copy of the registration will be given to the broker.  No broker registration of a client-prospect will be granted if the client was previously contacted by Auctioneer or if prospect previously contacted Auctioneer during the conduct of the auction marketing campaign.  No broker registration will be granted to a broker that is participating in the sale either directly or as an equity partner.

**DISCLAIMER:** The Seller and Auctioneer and their agents assume no liability for inaccuracies, errors or omissions in the auction marketing materials, including the Virtual Deal Room.  ALL SQUARE FOOTAGE, ACREAGE, DIMENSIONS, TAXES AND POA DUES IN THIS AND OTHER MARKETING MATERIALS ARE APPROXIMATE.  This offering may be withdrawn, modified or canceled without notice at any time.  This is not a solicitation or offering to residents of any state where this offering is prohibited by law.