**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **WOODLAKE PARTNERS, LLC,** | **CASE NO. 14 – 81035** |
| **DEBTOR** | **CHAPTER 11** |
| **MOTION TO AUTHORIZE SALE OF REMNANT ASSETS** | |

NOW COMES Woodlake Partners, LLC (the "Debtor") and moves the Court pursuant to Sections 363 and 1142 of the Bankruptcy Code and Rule 6004 of the Federal Rules of Bankruptcy Procedure, as follows:

1.      On September 19, 2014 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code.  Richard M. Hutson, II was appointed as the Chief Restructuring Officer, and in that capacity filed an Amended and Restated Plan of Liquidation (the "Plan") which was confirmed by Order entered March 19, 2015 (Doc. 170, the "Confirmation Order").

2.      The Plan provided for the Court to retain jurisdiction to the extent necessary to implement and fully consummate the Plan, including but not limited to approval of asset sales. Accordingly, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334, and this matter is a core proceeding under 28 U.S.C. §157(b)(2).  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.      Pursuant to the Plan, the Debtor has liquidated substantially all property of the estate; however, as set forth below, there are various assets of nominal or inconsequential value which have been difficult to liquidate or otherwise administer (collectively "Remnant Assets"), and which impede the Debtor's ability to make a final distribution to creditors and close this proceeding. To the best of the Debtor's knowledge, the Debtor has liquidated all assets that would be beneficial to the estate to pursue, and the sole remaining assets consist of the following:

a.      Uncollected accounts receivable that the Debtor believes are not worth pursuing.

i.      Woodlake CC Corp (the entity which purchased the Debtor's real property) owes the Debtor approximately $6,600; however, the property is

        in disrepair, the dam repairs were not completed requiring the lake to be drained, and various contractors have asserted claims for unpaid labor and materials.

    ii.    The Debtor's books and records reflect relatively small amounts due from a large number of former members, who refused to pay their monthly assessments when the lake and one of two golf courses became unusable in 2014 due to neglect or disrepair and the Debtor failed to offer these amenities to the membership. Many of the members resigned or disputed the continuing assessments, but the Debtor continued to book the monthly charges as receivables.

    iii.    The Debtor has one receivable which is being paid at the rate of $80 per month pursuant to suspended sentence for tendering a worthless check.

b.    Any distributions which may be made in the future with respect to the general unsecured claim filed by the Debtor in the bankruptcy case of Carolina Golf Development Company, Case No. 15-81173, now pending in the U.S. Bankruptcy Court for the Middle District of North Carolina.

    i.    The Debtor filed a proof of claim in the amount of $114,638 (Claim No. 6), based solely on the Debtor's books and records.

    ii.    Other creditors in that proceeding have filed claims (excluding certain claims subordinated pursuant to a settlement agreement) in excess of $3 million.

    iii.    The most recent report filed by the Chapter 7 trustee indicates funds on hand of approximately $67,350, and that all assets have been fully administered except for certain litigation with respect to which a request for withdrawal of reference is pending at the U.S. District Court.

c.    Any unclaimed funds that may have been posted to various state treasuries since the Debtor's most recent inquiry, and any funds posted to such treasuries in the future.

4.    The Remnant Assets expressly exclude: (i) cash or funds held by the Debtor in bank accounts earmarked for distribution to creditors and/or payment of professional fees, and (ii) the Purchase Price (as defined below).

5.      Subject to approval by this Court, the Debtor seeks authority to sell the Remnant Assets to Oak Point Partners, Inc. ("Oak Point") for a purchase price of $5,000.00 ("Purchase Price").  Oak Point has no known connections to the Debtor, the Chief Restructuring Officer, or creditors in this bankruptcy case.

6.      In the Debtor's business judgment, the Purchase Price represents a fair and reasonable sale price for the sale of the Remnant Assets.  A sale of the Remnant Assets serves the best interests of the Debtor's estate and the Debtor's creditors, as the sale will allow the Debtor to realize some additional funds for the benefit of the estate while simultaneously allowing the Debtor to make final distributions and close the case once final fee applications have been filed and considered by the Court.

7.      The Debtor is unaware of any liens or other encumbrances on the Remnant Assets.  However, the Debtor requests that the Remnant Assets be sold free and clear of any and all liens, claims, and encumbrances, with any such liens, claims, and encumbrances to attach to the sale proceeds, pursuant to 11 U.S.C. § 363(f).

Wherefore, the Debtor respectfully requests the entry of an order authorizing the sale of the Remnant Assets to Oak Point upon payment of $5,000 as set forth above, and granting such other and further relief as this Court deems just and proper.

Date:  November 13, 2017

/s/ John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441

**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**
**DURHAM DIVISION**

| | |
|---|---|
| **IN RE:** <br><br> **WOODLAKE PARTNERS, LLC,** <br><br>       **DEBTOR** | **CASE NO. 14-81035** <br> **CHAPTER 11** |
| **CERTIFICATE OF SERVICE** ||

I hereby certify that the foregoing document was served electronically on November 13, 2017, to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and the United States Bankruptcy Administrator.


RESPECTFULLY submitted on behalf of the Debtor, this the 13th day of November, 2017.

/s/John A. Northen

**Counsel for the Debtor:**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone:  919-968-4441